[No. H025030. Sixth Dist. Dec. 16, 2004.]

JOANNE D. GONZALES, Plaintiff and Appellant, v.
CITY OF SAN JOSE, Defendant, Cross-Complainant and Appellant;
CHARLES HUANG, Defendant, Cross-Defendant and Respondent.

1130

**COUNSEL**

The Boccardo Law Firm and Richard Gregg for Plaintiff and Appellant.

Richard Doyle, City Attorney, George Rios, Assistant City Attorney, Robert Burchfiel, Sr., and Margo Laskowska, Deputy City Attorneys, for Defendant, Cross-Complainant and Appellant.

Best Best & Krieger and Shawn D. Hagerty for League of California Cities as Amicus Curiae on behalf of Defendant, Cross-Complainant and Appellant.

Murchison & Cumming, Edmund G. Farrell III and Susan M. Hilton for Defendant, Cross-Defendant and Respondent.

## OPINION

**RUSHING, P. J.**—Plaintiff Joanne D. Gonzales and defendant City of San Jose appeal a judgment following the trial court's grant of defendant Charles Huang's motion for summary judgment.

This case involves a personal injury suit resulting from a slip and fall accident that occurred on a sidewalk owned by the City of San Jose. The plaintiff sued not only the City of San Jose, who owned the sidewalk she fell on, but also Charles Huang, the individual who owned the property adjacent to and abutting the sidewalk. The plaintiff sued Huang on the theory that he had a common law duty to her to maintain the sidewalk in a nondangerous condition, as well as a duty imposed under San Jose Municipal Code section 14.16.2205, which makes owners of property abutting city owned sidewalks liable to those who are injured as a result of unsafe conditions on the sidewalks.

The trial court concluded that San Jose Municipal Code section 14.16.2205 is preempted by state law and is therefore unconstitutional, because the State of California occupies the field of tort liability on public property. The trial court also found there was no triable issue of material fact to demonstrate that Huang had sufficient control over the sidewalk such that he had duty to maintain it in a nondangerous condition.

We find the trial court erred in finding San Jose Municipal Code section 14.16.2205 unconstitutional. There is no conflict between state law and the local ordinance to support a finding of preemption of the local ordinance. We therefore reverse the trial court's judgment.

### STATEMENT OF THE CASE AND FACTS

In May 2000, plaintiff Joanne Gonzales (Gonzales) was walking south on 7th Street in San Jose when she tripped and fell over a rise in the sidewalk in front of a commercial building located at 301 East Santa Clara Street. Defendant Charles Huang (Huang) and Lillian Z. Quin owned the commercial building.

In May 2001, Gonzales filed a complaint against Huang, Quin,[1] and defendant City of San Jose (San Jose), alleging she tripped and fell over a raised portion of the concrete public sidewalk and suffered injuries. The complaint also alleged that Huang "negligently owned, maintained, managed and operated" the sidewalk, and that San Jose "owned the public property on which a dangerous condition existed."

---

[1] Quin was later dismissed from the suit.

Huang filed a motion for summary judgment, asserting he had no liability because Gonzales's injuries did not occur on his property, but on property owned by San Jose, and as a result, Huang owed no duty to Gonzales. In addition, Huang claimed that San Jose Municipal Code section 14.16.2205, which makes an adjacent landowner liable to third persons who are injured as a result of dangerous conditions on a city owned sidewalk is unconstitutional.

After a hearing, the trial court ruled that San Jose Municipal Code section 14.16.2205 is unconstitutional, because only the State of California has the authority to make laws establishing liability for torts occurring on public property. Additionally, the court held that Gonzales and San Jose failed to present evidence creating a triable issue of fact as to whether Huang had control over the sidewalk sufficient to establish his liability under a common law theory.

Judgment was entered in favor of Huang, and Gonzales and San Jose timely appealed.[2]

## Discussion

There are two issues presented by this appeal. The first is whether state law preempts San Jose Municipal Code section 14.16.2205 (section 14.16.2205), which mandates that an adjacent landowner may be liable to third persons that are injured on a defective city-owned sidewalk, making the ordinance unconstitutional. The second issue is whether, even in the absence of a municipal code section mandating liability, an adjacent landowner has a common law duty to a third party who may be injured on a city-owned sidewalk.[3]

■ Because the question presented in this case is whether state law preempts a local ordinance, it is a pure question of law subject to de novo review. (*Roble Vista Associates v. Bacon* (2002) 97 Cal.App.4th 335, 339 [118 Cal.Rptr.2d 295].)

*Enactment of Section 14.16.2205*

■ Charter cities such as San Jose are empowered by the California Constitution to enact ordinances and regulations deemed necessary to protect the public health, safety and welfare. (Cal. Const., art. XI, §§ 5 & 7.) Such

---

[2] The League of California Cities filed an amicus curiae brief in support of San Jose.

[3] Because we find section 14.16.2205 is constitutional, and properly imposes a duty on adjacent landowners to third parties injured on sidewalks, we will not address the issue of common law duty.

ordinances and regulations prevail over all state laws other than those that specifically address matters of statewide concern. (Cal. Const., art. XI, § 5.)

■ In that vein, and in order to address the issue of abutting landowner liability for injuries occurring on city owned sidewalks, San Jose adopted section 14.16.2205, which provides that if an abutting property owner fails to maintain a sidewalk in a nondangerous condition and any person suffers injuries as a result thereof the property owner shall be liable to such person for the resulting damages or injury. (§§ 14.16.220, 14.16.2205.)

San Jose adopted section 14.16.2205 in large part in response to the case of *Williams v. Foster* (1989) 216 Cal.App.3d 510 [265 Cal.Rptr. 15], in which a panel of this court considered whether the ordinance's predecessor, Municipal Code section 14.16.220, imposed a duty on abutting landowners to third parties injured on city-owned sidewalks. This court concluded that the language of Municipal Code section 14.16.220, which mirrored that of Streets and Highways Code section 5610,[4] did not clearly impose a duty on abutting landowners to pedestrians to maintain sidewalks in a safe and nondangerous condition. (*Williams,* at p. 522.) In addition, the court concluded that San Jose could have enacted an ordinance that specifically created a duty to pedestrians on the part of abutting landowners. (*Ibid.*) In response to this directive, in 1990, San Jose enacted section 14.16.2205 to specifically impose a duty on adjacent landowners to pedestrians injured as a result of dangerous conditions on public sidewalks.

*Constitutionality of Section 14.16.2205*

■ The constitutionality of section 14.16.2205 depends on whether state law preempts it. The California Supreme Court in *Sherwin Williams Co. v. City of Los Angeles* (1993) 4 Cal.4th 893 [16 Cal.Rptr.2d 215, 844 P.2d 534] (*Sherwin Williams*) set forth the standard for determining if a state law preempts a charter city ordinance. A charter city ordinance will be preempted if the ordinance conflicts with state law, and a conflict exists if the local legislation " ' " 'duplicates, contradicts, or enters an area fully occupied by general law, either expressly or by legislative implication.' " ' [Citations.]" (*Id.* at p. 897.) If an actual conflict exists between the charter city ordinance and state law, and the matter implicates municipal affairs, the question then

---

[4] Streets & Highways Code section 5610 provides, in relevant part: "The owners of lots or portions of lots fronting on any portion of a public street or place when that street or place is improved or if and when the area between the property line of the adjacent property and the street line is maintained as a park or parking strip, shall maintain any sidewalk in such condition that the sidewalk will not endanger persons or property and maintain it in a condition which will not interfere with the public convenience in the use of those works . . . and . . . shall be under a like duty in relation thereto."

becomes whether the state law qualifies as a matter of statewide concern. (*Johnson v. Bradley* (1992) 4 Cal.4th 389 [14 Cal.Rptr.2d 470, 841 P.2d 990] (*Johnson*).)

Here, the state law at issue is the California Government Tort Claims Act (the Act), which establishes liability of public entities or public employees for money or damages. (See Gov. Code, § 810 et seq.) In the area of liability for dangerous conditions on public property, the Act provides, in relevant part:

"[A] public entity is liable for injury caused by a dangerous condition of its property if the plaintiff establishes that the property was in a dangerous condition at the time of the injury, that the injury was proximately caused by the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of injury which was incurred, and that either:

"(a) A negligent or wrongful act or omission of an employee of the public entity within the scope of his employment created the dangerous condition; or

"(b) The public entity had actual or constructive notice of the dangerous condition under Section 835.2 a sufficient time prior to the injury to have taken measures to protect against the dangerous condition." (Gov. Code, § 835.)

■ In applying the test for preemption from *Sherwin Williams* to the Act, it is clear that state law does not preempt section 14.16.2205. Initially, section 14.16.2205 is not duplicative of the Act. (See *In re Portnoy* (1942) 21 Cal.2d 237, 240 [131 P.2d 1] [finding duplication where local legislation purported to impose the same criminal prohibition that general law imposed].) Section 14.16.2205 establishes a duty on the part of abutting landowners for injuries to third persons on public sidewalks, while the Act establishes liability for public entities and their employees for dangerous conditions on public property under limited circumstances. Because the Act and section 14.16.2205 encompass two separate areas of liability, section 14.16.2205 is not duplicative of the Act.

■ In addition, section 14.15.2205 is not contradictory to the Act. (See *Ex parte Daniels* (1920) 183 Cal. 636, 641–648 [192 P. 442] [finding contradiction where local legislation purported to fix a lower maximum speed limit for motor vehicles than that which general law fixed].) Here, section 14.16.2205 does not absolve San Jose of liability for dangerous conditions on public property. Under the provisions of the Act, San Jose will be liable for dangerous conditions on sidewalks as public property to the extent the defect in the sidewalk is a result of negligence or some other wrongful act on the part of one of San Jose's employees, or if San Jose had actual or constructive

notice of the defect. (See Gov. Code, § 835.) Section 14.16.2205 does nothing to abrogate or abridge San Jose's liability imposed under the Act.

■ Finally, section 14.16.2205 does not enter an area that is fully occupied by general law, because the state Legislature has not expressly manifested its intent to fully occupy the area. (See, e.g., *Candid Enterprises, Inc. v. Grossmont Union High School Dist.* (1985) 39 Cal.3d 878, 886 [218 Cal.Rptr. 303, 705 P.2d 876].) Notably, the Act contains no express language that the Legislature intends to occupy the field of liability of private parties for injuries occurring on public property (See Gov. Code, § 810 et seq.) In addition, the Act only addresses the liability of public entities and employees, and does not address private party liability. Nor does the Act express any intent to cover sidewalk maintenance and repair, or abutting landowner liability.

■ Not only does the Act not contain express legislative intent to fully occupy the area by general law, but it also does not demonstrate the implied intent to do so. In *Sherwin Williams*, the court indicated that implied Legislative intent is demonstrated by the following indicia: " '(1) the subject matter has been so fully and completely covered by general law as to clearly indicate that it has become exclusively a matter of state concern; (2) the subject matter has been partially covered by general law couched in such terms as to indicate clearly that a paramount state concern will not tolerate further or additional local action; or (3) the subject matter has been partially covered by general law, and the subject is of such a nature that the adverse effect of a local ordinance on the transient citizens of the state outweighs the possible benefit to the locality.' [Citations.]" (*Sherwin Williams, supra,* 4 Cal.4th at p. 898.)

■ Here, none of the indicia of implied preemptive intent are present. First, the subject matter of section 14.16.2205—abutting landowner liability for injuries to third persons occurring on city-owned sidewalks—is not "so covered by the [Act] as to clearly indicate that the field has become exclusively a matter of state concern." (*Sherwin Williams, supra,* 4 Cal.4th at p. 904.) Indeed, the Act does not cover the subject of abutting landowner liability at all, focusing entirely on the liability of public entities and their employees. Moreover, the subject matter of the ordinance has not been "partially covered by the [Act] in such terms to clearly indicate that a paramount state concern will not tolerate local governmental action." (*Id.* at p. 905.) There is nothing in the Act to indicate that abutting landowner liability was of "paramount state concern" such that the Legislature would not tolerate local regulation. (*Ibid.*) Finally, the subject matter of the charter city ordinance has not been "partially covered by the [Act] *and* is [not] of such a nature as to cause an undue adverse effect on the transient citizens of

the state." (*Id.* at pp. 905–906.) Indeed, section 14.16.2205 would not cause any undue adverse effect on the transient citizens of this state, because it only addresses the liability of landowners in San Jose. In sum, there is no indication of implied intent in the Act such that it preempts section 14.16.2205.

In addition to the Act discussed above, Huang asserts that because Streets and Highways Code section 5610 and Civil Code section 1714 do not impose liability on adjacent landowners for injuries to pedestrians, this demonstrates not only the state's intent to fully occupy this area of law, but also its refusal to impose liability on adjacent landowners for injuries occurring on sidewalks. As such, section 14.16.2205's imposition of liability on adjacent landowner is in direct conflict with state law. However, this conclusion is incorrect. Streets and Highways Code section 5610's absence of language regarding liability to third parties does not demonstrate the state's occupation of the field of adjacent landowner liability. Indeed, Streets and Highways code section 5610 deals only with the maintenance of abutting sidewalks, and the landowner's duty to the city, not to pedestrians that use the sidewalk. (See, e.g., Sts. & Hy. Code, § 5610; see also *Schaefer v. Lenahan* (1944) 63 Cal.App.2d 324, 327 [146 P.2d 929].) The specific language of Streets and Highways Code section 5610 indicates that the section was only intended to address sidewalk maintenance and construction, not landowner liability to third parties. (See Sts. & Hy. Code, § 5602 .)

Moreover, like Streets and Highways Code section 5610, Civil Code section 1714,[5] which generally addresses liability for negligence in the maintenance of one's property, does not create an explicit duty of care between an abutting landowner and a pedestrian. Despite Huang's assertion to the contrary, Civil Code section 1714's lack of specific reference to adjacent landowner liability is not an indication of the state's intent to fully occupy the field of law. Like Streets and Highways Code section 5610, Civil Code section 1714's silence on the issue of adjacent landowner liability does not preempt the local ordinance. Neither Streets and Highways Code section 5610, nor Civil Code section 1714 conflicts with section 14.16.2205.

It should be noted that in finding section 14.16.2205 unconstitutional, the trial court specifically stated that the "State occupies the field of liability for torts on public property," and cited *Douglass v. City of Los Angeles* (1935) 5 Cal.2d 123, 128 [53 P.2d 353] (*Douglass*), *Helbach v. City*

---

[5] Civil Code section 1714, subdivision (a) provides, in relevant part:

"Everyone is responsible, not only for the result of his or her willful acts, but also for an injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property or person, except so far as the latter has, willfully or by want of ordinary care, brought the injury upon himself or herself."

*of Long Beach* (1942) 50 Cal.App.2d 242, 245 [123 P.2d 62] (*Helbach*), and *Wilkes v. City and County of San Francisco* (1941) 44 Cal.App.2d 393 [112 P.2d 759] (*Wilkes*)[6] in support of that position. However, *Douglass, Helbach* and *Wilkes* are not applicable to the present case, because they all involve a clear conflict between a local ordinance and a *procedural* provision of the predecessor of the Act, a conflict that is not present here. Moreover, they stand for the proposition that cities may not enact a local ordinance that specifically alters the procedural scheme outlined in the Public Liability Act of 1923, the predecessor to the Act for filing a claim against a city for the city's tortious conduct. *Douglass, Helbach* and *Wilkes* do not preclude a city such as San Jose from imposing a duty of care on abutting landowners to third parties for injuries that occur on city-owned sidewalks when such a duty of care does not alter the procedural aspects of the Act, or the city's liability under the Act.

We find no conflict between section 14.16.2205 and state law, in either procedure or substance. Therefore, we need not consider whether the matter implicates " 'municipal affairs,' " and whether the Act qualifies as a matter of " 'statewide concern.' " (*Johnson, supra,* 4 Cal.4th at p. 399.) Section 14.16.2205 is constitutional.

### Concurrent Liability of San Jose and Adjacent Landowners

Contrary to Huang's assertion, section 14.16.2205 does not alter San Jose's liability under the Act. Under the two laws, both San Jose as well as the abutting property owner could be held liable to a plaintiff injured as a result of a dangerous condition on a city-owned sidewalk. Concurrent liability of San Jose and an abutting landowner is not tantamount to immunizing San

---

[6] In *Douglass*, the court considered whether Los Angeles's charter provision could alter how an injured party must submit a claim under the Public Liability Act of 1923, the predecessor of the Act. (*Douglass, supra,* 5 Cal.2d at pp. 128–129.) The charter provision provided that no suit could be commenced until a claimant presented a claim to the "board, officer or employee *authorized by the charter to incur the liability.*" (*Id.* at p. 131.) The Public Liability Act of 1923, on the other hand, required that in an action against a city, a party must file a claim with the clerk of the legislative body of the city. (*Id.* at p. 128.) The Supreme Court concluded that the issue of municipal liability and the procedures to enforce liability were a matter of general state concern, and as a result, the court interpreted the charter provision consistent with the Public Liability Act of 1923. (*Id.* at pp. 128 & 138.)

A similar result was reached in *Wilkes*, where the court considered whether a city could prescribe where a tort claim against the city could be filed. (*Wilkes, supra,* 44 Cal.App.2d at p. 394.) The Court of Appeal for the First District held that only the state has the power to prescribe the method of enforcing a tort claim against a municipality. (*Id.* at p. 395.) The court concluded that the provision of the Public Liability Act of 1923 controlled over the charter provisions. (*Id.* at p. 399.)

Finally, in *Helbach*, the Court of Appeal for the Second District held that the City of Long Beach had no power to extend or diminish the time fixed by the Public Liability Act of 1923 for filing a claim for damages against the city. (*Helbach, supra,* 50 Cal.App.2d at p. 243.)

Jose for dangerous conditions on public sidewalks. (See, e.g., *Low v. City of Sacramento* (1970) 7 Cal.App.3d 826, 833 [87 Cal.Rptr. 173] [in an action against a city and a private landowner for injuries caused by a dangerous condition of a sidewalk, the city and the landowner may be joint or concurrent tortfeasors and may incur joint liability], *Marsh v. City of Sacramento* (1954) 127 Cal.App.2d 721, 722 [274 P.2d 434] [both the city and the property owner could be jointly liable for a dangerous condition on a sidewalk], and *Peters v. City and County of San Francisco* (1953) 41 Cal.2d 419, 428–429 [260 P.2d 55] [the liability of the city and the adjacent landowner for a dangerous condition on a city owned sidewalk is determined by each of their individual wrongful acts or omissions].) Section 14.16.2205 is silent on the adjacent property owner's liability to San Jose or elimination of San Jose's liability to injured pedestrians under the Act. As such, San Jose is not absolving itself of liability for dangerous conditions on public sidewalks through the enactment of section 14.16.2205.

*Public Policy Considerations of Section 14.16.2205*

Section 14.16.2205 and its imposition of a duty of care on an abutting landowner serves an important public purpose. The ordinance does *not* absolve San Jose of responsibility for dangerous conditions on public sidewalks; rather, it provides an additional level of responsibility for the maintenance of safe sidewalks on the owners whose property is adjacent to and abuts the sidewalk. These owners are often in the best position to quickly identify and address potentially dangerous conditions that might occur on the sidewalks, as opposed to San Jose. (See, e.g., *Selger v. Steven Bros., Inc.* (1990) 222 Cal.App.3d 1585, 1591–1592 [272 Cal.Rptr. 544] [noting that in order to fully protect its citizens, a city would have to have inspectors circulating throughout the city, day and night].)

Without section 14.16.2205, abutting landowners would have no incentive to maintain the sidewalks adjacent to their property in a safe condition. This, coupled with the restrictions of city liability under the Act to notice of the dangerous condition or responsibility for the condition through wrongful conduct (see Gov. Code, § 835), could lead to a pedestrian injured by the dangerous condition on a public sidewalk having no redress for his or her injuries. Such a result is contrary to public policy.

In sum, we find section 14.16.2205 is constitutional. San Jose's adoption of the law was properly within its power as a charter city, and section 14.16.2205 does not serve to absolve San Jose of liability for dangerous conditions on city-owned sidewalks. Additionally, state law does not preempt section 14.16.2205, because there is no conflict between the two. Finally, section 14.16.2205 serves an important public policy of providing incentives to abutting landowners to maintain the sidewalks adjacent to their property in a safe condition.

## DISPOSITION

The judgment of the trial court is reversed.

Premo, J., and Elia, J., concurred.