MANSFIELD, Justice
(dissenting).
I respectfully dissent. As I read Iowa Code section 364.12(2), it requires cities to keep sidewalks in good repair except to the extent the city has served notice of a needed repair on the abutting property owner, and even then the property owner’s liability is limited to the cost of repair. See Iowa Code § 364.12(2) (2009). Iowa City’s ordinance is an effort by the City to alter this statutory division of responsibility between city and property owner. Simply stated, the City wants the property owner to do more to maintain City-owned sidewalks, so that the City may do less. This conflicts with section 364.12(2). It also conflicts with the common law of Iowa, which we previously said in Peffers v. City of Des Moines was not modified by section 364.12(2) in the area of tort liability. See 299 N.W.2d 675, 677-79 (Iowa 1980), superseded by statute, 1984 Iowa Acts ch. 1002, § 1 (codified at Iowa Code § 364.12(2X6) (1985)). Thus, I believe state law preempts Iowa City’s ordinance. See Iowa Const, art. III, § 38A (disallowing municipal ordinances that are “inconsistent with the laws of the general assembly”).
Let me begin with the state law in question. Section 364.12(2) states in relevant part:
2. A city shall keep all public grounds, streets, sidewalks, alleys, bridges, culverts, overpasses, underpasses, grade crossing separations and approaches, public ways, squares, and commons open, in repair, and free from nuisance, with the following exceptions:
[[Image here]]
b. The abutting property owner is responsible for the removal of the natural accumulations of snow and ice from the sidewalks within a reasonable amount of time and may be liable for damages caused by the failure of the abutting property owner to use reasonable care in the removal of the snow or ice. If damages are to be awarded under this section against the abutting *55 property owner, the claimant has the burden of proving the amount of the damages. To authorize recovery of more than a nominal amount, facts must exist and be shown by the evidence which afford a reasonable basis for measuring the amount of the claimant’s actual damages, and the amount of actual damages shall not be determined by speculation, conjecture, or surmise. All legal or equitable defenses are available to the abutting property owner in an action brought pursuant to this paragraph. The city’s general duty under this subsection does not include a duty to remove natural accumulations of snow or ice from the sidewalks. However, when the city is the abutting property owner it has the specific duty of the abutting property owner set forth in this paragraph.
c. The abutting property owner may be required by ordinance to maintain all property outside the lot and property lines and inside the curb lines upon the public streets, except that the property owner shall not be required to remove diseased trees or dead wood on the publicly owned property or right-of-way.
d. A city may serve notice on the abutting property owner, by certified mail to the property owner as shown by the records of the county auditor, requiring the abutting property owner to repair, replace, or reconstruct sidewalks.
e. If the abutting property owner does not perform an action required under this subsection within a reasonable time, a city may perform the required action and assess the costs against the abutting property for collection in the same manner as a property tax. This power does not relieve the abutting property owner of liability imposed under paragraph “b”.
Iowa Code § 864.12(2) (2009) (emphasis added).
This law seems to me fairly clear. Under the preamble to section 2 and subsection (d), the city has the duty to maintain the sidewalk unless it “serve[s] notice on the abutting property owner,” directing it to make repairs. Id. § 364.12(2)(d). On the other hand, under subsection (b), the abutting property owner is responsible for removing snow from sidewalks “within a reasonable amount of time” without regard to notice and may be liable in damages for failing to do so. Id. § 364.12(2)(6). Finally, under subsection (c), the city has the option of requiring the property owner to maintain city property that is inside the curb line. Id. § 364.12(2)(c). This, for example, could be a requirement that the property owner mow any lawn between the sidewalk and the street. See, e.g., Goodenow v. City Council, 574 N.W.2d 18, 23 (Iowa 1998). However, I do not read subsection (c) as covering the subjects of sidewalk snow removal or sidewalk repair, because they are expressly covered by subsections (b) and (d). If subsection (c) were meant to cover those issues, then subsections (b) and (d) would be superfluous. See Iowa Code § 4.4(2) (setting forth the presumption that “[t]he entire statute is intended to be effective”); Neal v. Annett Holdings, Inc., 814 N.W.2d 512, 520 (Iowa 2012) (“In interpreting a statute, each term is to be given effect, and we will not read a statute so that any provision will be rendered superfluous.” (Citation and internal quotation marks omitted.)).
This allocation of responsibility between city and property owner is logical. Snow removal from sidewalks has to be performed several times each winter. It is relatively inexpensive and convenient for property owners to clear adjacent sidewalks at the same time they are shoveling their own driveways and walks. There *56 fore, it makes sense for property owners to bear this obligation. It would be inefficient to impose on cities the duty to inspect sidewalks for snow and ice or to keep them clear of snow and ice.
On the other hand, sidewalk repairs are a rarer and more costly undertaking. Determining whether a repair is needed and the kind of repair needed may involve some engineering or cost-benefit judgment. Thus, it makes sense for the city to shoulder much of this obligation, even if the city is given the right to ask the property owner to make the repairs according to the city’s specifications and, if the property owner does not do so, to charge back the costs of repair to the abutting property owner.[4]
Given the foregoing statutory wording, I see a clear conflict between state law and Iowa City’s ordinance. The ordinance provides in relevant part:
The abutting property owners shall maintain the sidewalk in a safe condition, in a state of good repair, and free from defects. The abutting property owner may be liable for damages caused by failure to maintain the sidewalk.
Iowa City, Iowa, Code § 16-1A-6 (current through Mar. 4, 2014), available at www. sterhngcodifiers.com/codebook/index.php? book_lb=953.
This ordinance expands the property owner’s liability well beyond the confines of Iowa Code section 364.12. The ordinance provides not only that the property owner will be responsible for the cost of sidewalk repair if notified by the City that a repair is necessary, but also that it will be liable to the public for sidewalk accidents whether it was notified by the City that a repair was necessary or not. See Iowa City Code § 16-1A-6.- As the majority concedes, no such liability exists at common law. After all, the sidewalk is the property of the City, not the abutting property owner.
The conflict becomes even more apparent when you consider the backdrop to the current version of Iowa Code section 364.12. In Peffers, we held that section 364.12(2)(6), as it read at the time, did not allow private persons to sue abutting property owners for failure to remove snow and ice. 299 N.W.2d at 679. We emphasized that at common law, the city, which owns the sidewalk, and not the property owner, bore this liability. Id. at 677. We held the statutory language making the abutting property owner “responsible” for the removal of snow and ice from sidewalks only made the property owner responsible for its removal vis-a-vis the city and did not give rise to liability vis-a-vis the public. Id. at 677-79. As we explained,
We assume that the legislature knew of the existing state of our case law, holding the city rather than the abutting property owner liable to pedestrians. We find no clear indication in the present statute that the legislature intended to change the existing law. First, there is no language in the statute expressly *57 addressing the issue of liability to pedestrians. Second, the legislative history of section 364.12(2) does not evince any intention on the part of the legislature either to shift to the abutting property owner or otherwise abrogate the city’s liability to pedestrians for negligent care of public sidewalks. The preamble to the legislation states that the purpose of the enactment is to establish home rule for local government. A careful reading of the preamble does not reveal anything purporting to alter the existing state of the law regarding liability to pedestrians.
Id. at 679.
After Peffers was decided, the general assembly amended section 364.12(2) to expressly authorize a damages action under subsection (b) when the abutting property owner failed to remove snow and ice.[5] See 1984 Iowa Acts ch. 1002, § 1. However, the legislature did not materially amend subsections (c) or (d). See id. Thus, I think the Peffers holding that section 364.12(2) incorporates the common law of torts still applies to those two subsections. See 299 N.W.2d at 678. Since the prior language in subsection (b) requiring the abutting landowner to be “responsible” for snow removal was not enough to establish a legal duty running from the abutting landowner to the public contrary to common law, I do not see how the carried-over language in subsection (c) giving the city the option of requiring the abutting landowner to “maintain” public property would authorize the city to create a new liability running from the landowner to the public that is also contrary to common law. See Iowa Code § 364.12(2)(c); Peffers, 299 N.W.2d at 677. Had the legislature contemplated a shift from the common law rule that abutting property owners were not liable to pedestrians in any area other than snow removal, it would have included language in subsection (c) or (d) similar to the language it added to subsection (b). See Iowa Code § 364.12(2)(6 )-(d).
Furthermore, the 1984 legislation added to subsection (e) the following sentence: “This power does not relieve the abutting property owner of liability imposed under paragraph b.” See 1984 Iowa Acts ch. 1002, § 1. But doesn’t this addition indicate, implicitly, that the property owner is not subject to potential liability to the public under the other subsections? Otherwise, the legislature would have mentioned them.
We follow the statutory interpretation rule in Iowa that “expressio unius est ex[c]lusio alterius, meaning that ‘legislative intent is expressed by omission as well as by inclusion.’ ” Staff Mgmt. v. Jimenez, 839 N.W.2d 640, 649 (Iowa 2013). Here, the legislature expressly authorized liability to pedestrians only in subsection (6). See Iowa Code § 364.12(2)(6). I think the conclusion is inescapable it did not authorize it in subsections (c) or (d'). Id. § 364.12(2)(c )-(d).
The majority cites a California case that upheld a City of San Jose ordinance making adjacent landowners liable to pedestrians for unsafe conditions on sidewalks. See Gonzales v. City of San Jose, 125 Cal.App.4th 1127, 23 Cal.Rptr.3d 178, 183-84 (2004). However, California state law expressly provides that adjacent landowners “shall maintain any sidewalk in such condition that the sidewalk will not endanger persons or property.” Id. at 181 n. 4 (quoting Cal. Sts. & High. Code § 5610 (West, Westlaw through Ch. 22 of 2014 *58 Reg. Sess., Res. Ch. 1 of 2013-2014 2d Ex. Sess., and all propositions on the 6/3/2014 ballot)). This wording is quite different from Iowa Code section 364.12(2). Cf. Dean v. Yahnke, 266 Neb. 820, 670 N.W.2d 28, 32 (2003) (finding that a legislative authorization to make sidewalk repairs and assess the expense to the abutting property owner did not authorize a second-class city to delegate the duty of sidewalk maintenance or repair generally or shift liability to the property owner).
While I do not at all disagree with the majority’s thorough discussion of preemption principles, the real question here is one of statutory interpretation. Contrary to the majority, I do not believe the present case involves “legislative silence.” Rather, Iowa Code section 364.12(2) contains an express legislative determination that the City should be responsible for sidewalk maintenance subject only to a particularized right to shift costs of repair to the adjoining property owner in certain circumstances. Hence, I would reverse and remand with instructions to grant the State’s motion to dismiss.
WATERMAN, J., joins this dissent.

. Notably, Iowa City explains on its website that it inspects the sidewalks throughout the City regularly on a rotating basis for needed repairs. See City of Iowa City, Iowa Sidewalk Repair Program, http://www.icgov.org/?id= 1911 (last visited June 6, 2014). When it finds a problem, it sends a notice to the property owner detailing the repairs needed and specifications for how the repairs need to be performed. Id. If the property owner fails to make the repair by the deadline, the City does the repair itself and invoices the property owner for construction costs plus a $25 administrative fee. Id.
Obviously, if the property owner does something that affects the condition of the sidewalk, then a duty could arise under the common law. See Thompson v. Kaczinski, 774 N.W.2d 829, 835-36 (Iowa 2009).

. At the time of the Peffers decision, subsection (b) read only as follows: " 'The abutting property owner is responsible for the prompt removal of snow, ice, and accumulations from the sidewalks.’ ” 299 N.W.2d at 676 (quoting Iowa Code § 364.12(2)(⅜) (1979)).