■ CATHERINE PERETICH, Appellant, v CITY OF NEW YORK et al., Defendants. 401/65 OWNERS CORP., Third-Party Plaintiff, v SUPERMARKET ACQUISITION CORP. et al., Third-Party Defendants-Respondents. [693 NYS2d 576] —Order, Supreme Court, New York County (Louis York, J.), entered February 26, 1998, which denied plaintiff's motion for leave to file an amended complaint to add the third-party defendants as defendants in the original action, unanimously reversed, on the law and the facts and in the exercise of discretion, without costs, and the motion granted.

On July 15, 1993, Catherine Peretich fell on the sidewalk in front of a Gristede's Supermarket located at First Avenue and East 65th Street, fracturing her pelvis. In June 1994, plaintiff brought this action against the City and 401/65 Owners Corp., the owner of the property immediately adjacent to the portion of the sidewalk where she fell. The owner then brought a third-party action against certain lessees of the property, Supermarket Acquisition Corp., Gristede's Supermarkets, Inc. and Red Apple Supermarkets, alleging that they caused or contributed to the accident. A copy of the original complaint and answer were annexed to the third-party complaint.

Plaintiff's motion for leave to amend her complaint to add the third-party defendants was denied on the ground that her motion was founded on mere "suspicion" that one of the third-party defendants was responsible for the defective condition of the sidewalk. However, Supreme Court granted her leave to renew the motion upon a sufficient factual demonstration. Subsequently, by order dated September 2, 1998, Supreme Court dismissed plaintiff's first-party action and the owner's third-party action, citing evidence that Gristede's had created the defect in the pavement.

It is essential that a party seeking leave to amend a complaint demonstrate the merit of the proposed pleading (East Asiatic Co. v Corash, 34 AD2d 432, 434). As this Court stated in Daniels v Empire-Orr, Inc. (151 AD2d 370, 371): "First the proponent must allege legally sufficient facts to establish a prima facie cause of action or defense in the proposed amended pleading * * * The next step is for the nisi prius court to test

the pleading's merit. The merit of a proposed amended pleading must be sustained, however, unless the alleged insufficiency or lack of merit is clear and free from doubt (*East Asiatic Co. v Corash, supra*). The party opposing the motion to amend, therefore, must overcome a presumption of validity in favor of the moving party, and demonstrate that the facts alleged and relied upon in the moving papers are obviously not reliable or are insufficient."

In connection with their motion for summary judgment, defendants submitted the deposition testimony of Jose Sardina, the superintendent of 401 East 65th Street, the building in which the premises occupied by the supermarket are located. He testified that, prior to the time of plaintiff's accident, he had "noticed some problems in the sidewalk in the area of First Avenue" and reported them to an employee of the supermarket identified as "Leo". Mr. Sardina stated that the sidewalk had many cracks and that the individual flags comprising the walkway were uneven. He described how the condition was created: "Gristede's receive merchandise every day, many trucks a day, heavy trucks, trailers. Usually, when they park, they mount the sidewalk or hit the curb of the sidewalk. That was exactly what produced the problem in the sidewalk." He further recalled that attempts had been made to patch the area but did not know which contractor had performed the repairs. Finally, the lease, also attached to defendants' summary judgment motion, places responsibility for maintaining the sidewalk on the tenant, reserving to the landlord the right to make necessary repairs.

The record contains sufficient factual allegations to support the proposed amended complaint. As third-party defendants had notice of these claims from the time they were served with the owner's third-party complaint (CPLR 1007), the amended complaint relates back to the time of service (*Duffy v Horton Mem. Hosp.*, 66 NY2d 473; *see also, Holst v Edinger*, 93 AD2d 313). There is testimony that indicates defendant Gristede's "affirmatively caused the defect * * * [and] negligently * * * repaired the sidewalk" so as to render it liable to plaintiff (*Hausser v Giunta*, 88 NY2d 449, 453, citing *Colson v Wood Realty Co.*, 39 AD2d 511, 512). Finally, while this Court has held that occasional use of a sidewalk for receiving deliveries does not constitute a special use (*Kaminer v Dan's Supreme Supermarket*, 253 AD2d 657; *Tyree v Seneca Ctr.—Home Attendant Program*, 260 AD2d 297), the evidence suggests that Gristede's delivery trucks mounted the sidewalk with sufficient regularity as to constitute a special use. Concur—Sullivan, J. P., Williams, Mazzarelli, Wallach and Rubin, JJ.