■ JUSTIN BAGLEY et al., Appellants, v SEYMOUR J. WILLIS et al., Respondents. [751 NYS2d 480] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered September 10, 2001, which, inter alia, denied plaintiffs' motion for leave to file an amended complaint to add the claims of plaintiff Lydia Larrier for her own personal injuries and property damage, unanimously affirmed, without costs.

Plaintiff mother brought this action on the infant plaintiff's behalf two years after the automobile accident in which the infant plaintiff was allegedly injured. The complaint did not allege that personal injuries had been sustained by the mother; her only claim was a derivative one for loss of services. Although the mother knew as early as a month after the automobile accident that she had an injured coccyx, she did not seek to add a claim for her own personal injuries until more than five years had elapsed, and more than two years after the statute of limitations had expired.

To permit amendment of the complaint at this late date to include the mother's claim for her own personal injuries would not be "just" within the meaning of CPLR 3025 (b) since the late assertion of the proposed claim has largely deprived defendants of the opportunity to conduct their own investigation as to the nature, severity and cause of the mother's alleged injuries. While it is true that prior to the expiration of the statute of limitations defendants' insurance carriers were notified that the mother had "sustained serious & permanent injuries," when the mother evidently elected not to bring a personal injury claim on her own behalf, it was reasonable for defendants to believe that she had not suffered "serious injury" within the meaning of Insurance Law § 5102 (d). In that regard, we note that plaintiffs have not demonstrated that the mother did indeed sustain "serious injury," as they were obligated to do on their motion (*see Peretich v City of New York*, 263 AD2d 410).

That branch of plaintiffs' motion seeking leave to amend to include a claim to recover for property damage to the mother's 1986 Buick was also properly denied, since the passage of time has seriously prejudiced defendants' ability to investigate and defend against that claim as well. Concur—Williams, P.J., Andrias, Buckley, Lerner and Gonzalez, JJ.