# IN THE SUPREME COURT OF IOWA

No. 13–0673

Filed June 13, 2014

**BETH A. MADDEN**,

Plaintiff,

vs.

**CITY OF IOWA CITY,**

Appellee,

and

**STATE OF IOWA,**

Appellant.

Appeal from the Iowa District Court for Johnson County, Ian K. Thornhill, Judge.

The State of Iowa seeks interlocutory review of a district court order permitting the City of Iowa City's cross-claim against the State. **AFFIRMED.**

Thomas J. Miller, Attorney General, Anne E. Updegraff and Tyler M. Smith, Assistant Attorneys General, for appellant.

Eric R. Goers, Assistant City Attorney, Iowa City, for appellee.

**APPEL, Justice.**

A bicyclist was riding on the sidewalk abutting the grounds of the University of Iowa in Iowa City when she fell, sustaining an injury. The bicyclist filed a negligence action against the City for failure to maintain the sidewalk in a safe condition. The City moved to add the State of Iowa as a third-party defendant, arguing that it had by ordinance imposed a requirement on the abutting landowner to maintain the sidewalk and that the ordinance was permitted under Iowa Code section 364.12(2)(*c*) (2009). The City's motion was granted. The City then filed a cross-petition against the State alleging entitlement to contribution. The State filed a motion to dismiss the City's cross-petition. The district court later denied the State's motion to dismiss the City's cross-claim. The State filed a motion for interlocutory review, which was granted. For the reasons expressed below, we affirm.

## I. Background Facts and Proceedings.

Beth Madden was riding her bicycle on a sidewalk abutting the grounds of the University of Iowa in Iowa City. She lost control of her bicycle, crashed, and sustained an injury. Madden filed suit against the City, claiming that the City owned or had control over the sidewalk and that a defect in the sidewalk caused the accident. She claimed the City was negligent in failing to prevent or remedy the defect, in failing to warn her of the defect, or in otherwise failing to exercise reasonable care in maintaining the sidewalk.

Because the university is publicly funded, the City moved to bring in the State as a third-party defendant. In support of its motion, the City cited its ordinance requiring an abutting property owner to maintain the sidewalk in a safe condition and providing that "[t]he abutting property owner may be liable for damages caused by failure to maintain the

sidewalk." Iowa City, Iowa, Code § 16-1A-6 (current through Mar. 4, 2014), *available at* www.sterlingcodifiers.com/codebook/index.php?book _id=953. The City maintained that the ordinance was authorized by Iowa Code section 364.12(2)(*c*), which expressly authorizes cities to enact ordinances requiring abutting landowners to maintain property between the outside property line of the lot and inside the curb lines (which would include sidewalks). The City argues section 364.12(2)(*c*) does not expressly authorize cities to impose liability for damages caused by the failure of the abutting landowner to maintain the sidewalk. The district court granted the motion, and the City filed a cross-claim against the State.

The State then filed a motion to dismiss the City's cross-claim. The State raised three arguments in support of the motion. First, the State claimed Iowa Code section 364.12(2)(*c*) did not expressly waive sovereign immunity and had the legislature intended to do so, it would have done so expressly. Second, the State argued the City's cross-petition did not allege a claim under the Iowa Tort Claims Act (ITCA), Iowa Code chapter 669, because the cross-petition was based upon a theory of statutory liability, not negligence and therefore immunity was not waived. Third, the State asserted that to the extent the City sought contribution from the State, the claim was fatally flawed because while section 364.12(2)(*c*) imposes a duty on an abutting property owner to maintain the sidewalk, it does not impose liability for failure to do so. In a reply brief, the State further asserted the Iowa City ordinance making the abutting landowner liable to the injured person for common law damages "is in effect a tax that is not authorized by the Iowa legislature."

The district court denied the motion to dismiss concluding the City's contribution claim for money damages resulting from Madden's

personal injuries was not excluded from the ITCA and that the City's cross-petition adequately pled a claim under the ITCA. With respect to whether the City's cross-petition was based upon statutory liability, and thus was not within the scope of the ITCA because it was not based upon a negligence theory, the district court, pointing to *Seeman v. Liberty Mutual Insurance Co.*, 322 N.W.2d 35, 37 (Iowa 1982), concluded an ordinance can establish a duty, the breach of which supports a negligence claim. Further, the district court concluded the City had pled a valid contribution claim. The district court reasoned that while section 364.12(2)(*c*) only expressly authorizes the City to require an abutting property owner to maintain the sidewalk, the City's ordinance imposing liability permissibly set standards and requirements higher or more stringent than provided in section 364.12(2) and no provision of the state law provides otherwise. Finally, the district court concluded the Iowa City ordinance existed in harmony with the Iowa Code. The State sought interlocutory appeal, which we granted.

**II. Standard of Review.**

The court reviews the denial of motions to dismiss for errors at law. *McGill v. Fish*, 790 N.W.2d 113, 116 (Iowa 2010).

**III. Overview of Liability of Abutting Property Owner for Sidewalk Defects.**

At common law, the general rule was that an abutting property owner was not liable for an injury that resulted from a defective sidewalk. *See, e.g.*, *Sexton v. Brooks*, 245 P.2d 496, 498 (Cal. 1952); *Mendoza v. White Stores, Inc.*, 488 P.2d 90, 92 (Colo. App. 1971); *Major v. Fraser*, 368 P.2d 369, 370 (Nev. 1962); *see also* C. P. Jhong, Annotation, *Liability of Abutting Owner or Occupant for Condition of Sidewalk*, 88 A.L.R.2d 331 § 6[a], at 354–57, Supp. 32–34 (1963 and Later Case Service (2009))

[hereinafter Jhong]; 2 Louis A. Lehr Jr., *Premises Liability* 3d § 36:18 (2013) [hereinafter Lehr], *available at* www.westlaw.com; 19 Eugene McQuillin, *The Law of Municipal Corporations* § 54:67, at 232 (3d ed. 2004 rev. vol.). The general rule has sometimes been referred to as the "Sidewalk Accident Decisions Doctrine." *Contreras v. Anderson*, 69 Cal. Rptr. 2d 69, 73 n.6 (Ct. App. 1997).

There were two generally recognized exceptions to the common law rule. First, where the owners of property abutting the public sidewalk contributed to or caused the dangerous condition that was the proximate cause of the injury, some courts found the abutting landowner liable. *See, e.g.*, *Del Rio v. City of Hialeah*, 904 So. 2d 484, 487 (Fla. Dist. Ct. App. 2005) (involving city ordinance that "impose[d] upon the owner of abutting property liability for injuries sustained by a pedestrian if the abutting property owner contributed to or caused the dangerous condition in the sidewalk which was the proximate cause of the complained of injury"); *Ward v. Frank's Nursery & Crafts, Inc.*, 463 N.W.2d 442, 446 (Mich. Ct. App. 1990) (discussing landowner who physically intruded on adjacent public way by casting debris upon it, causing pedestrian's slip and fall). Second, liability could also be imposed if the sidewalk in question was constructed in a special manner for the benefit of the abutting landowner. *See, e.g., Peretich v. City of New York*, 693 N.Y.S.2d 576, 578 (App. Div. 1999) (involving heavy use of sidewalk by trucks making daily deliveries); *Nickelsburg v. City of New York*, 34 N.Y.S.2d 1, 2–3 (App. Div. 1942) (finding installation of rails

across sidewalk to permit wheeling of refuse to curb gives rise to liability).[1]

Consistent with the common law rule, it has generally been held that a statute or ordinance that merely imposes a duty to maintain a sidewalk in good repair does not thrust liability for damages onto the abutting landowner. *See* Jhong § 6[a], at 354–57, Supp. 32–34; Lehr § 36:18; McQuillin § 54:67, at 238–39; *see also Dreher v. Joseph*, 759 A.2d 114, 116–17 (Conn. App. Ct. 2000); *Robinson v. Arnold*, 985 S.W.2d 801, 803 (Mo. Ct. App. 1998). The no-liability theory is based upon the view that a requirement that abutting property owners maintain sidewalks is for the benefit of the municipality, not pedestrians. *See Schaefer v. Lenahan*, 146 P.2d 929, 931 (Cal. Dist. Ct. App. 1944) (noting maintenance statute for the benefit of the city, not for the traveler on the sidewalk); *Denison Parking, Inc. v. Davis*, 861 N.E.2d 1276, 1281 (Ind. Ct. App. 2007) (stating statutory duty to maintain sidewalk free of snow and ice not for protection of individuals using the streets, but for benefit of municipalities); *Nord v. Butte Water Co.*, 30 P.2d 809, 812 (Mont. 1934) (noting that when ordinance requires abutting property owner to keep sidewalk in repair, city's duty to the public is not affected and property owner is joint agent with city officials in performance of city's duty).

In contrast, an ordinance or statute that *expressly* makes an abutting landowner liable for damages occasioned by the defective

---

[1]Notably, Pennsylvania has long rejected the prevailing common law rule and adopted the view that the abutting landowner is primarily liable for the failure to keep the sidewalk in a safe condition. *See Lohr v. Borough of Philipsburg*, 27 A. 133, 134 (Pa. 1893). *See generally* Jhong § 5[a], at 348–52, Supp. 31–32 (discussing the Pennsylvania rule). The Supreme Judicial Court of Massachusetts recently rejected the common law rule with respect to accumulations of snow and ice. *See Papadopoulos v. Target Corp.*, 930 N.E.2d 142, 154 (Mass. 2010).

condition of sidewalks may give rise to such liability. *See* Jhong § 7, at 358–61, Supp. 34–36; Lehr § 36:18; McQuillin § 54:67, at 238–39; *see also Gonzales v. City of San Jose,* 23 Cal. Rptr. 3d 178, 181, 185 (Ct. App. 2004); *Davison v. City of Buffalo,* 947 N.Y.S.2d 702, 703 (App. Div. 2012); *Pardi v. Barone,* 690 N.Y.S.2d 315, 317 (App. Div. 1999); *Bogomolsky v. City of New York,* 687 N.Y.S. 2d 176, 177 (App. Div. 1999); *Gangemi v. City of New York,* 827 N.Y.S.2d 498, 504 (Sup. Ct. 2006). Express legislative authorization to shift liability onto abutting landowners dates back to the late nineteenth century. *See, e.g., Morton v. Smith,* 4 N.W. 330, 330 (Wis. 1880) (involving city charter that obligated abutting property owner to maintain sidewalk and imposed liability for defects).

Iowa has long followed the established common law rule that an abutting property owner is not liable in tort for injuries arising from defects in adjacent sidewalks. *See, e.g., City of Keokuk v. Indep. Dist. of Keokuk,* 53 Iowa 352, 355–57, 5 N.W. 503, 506–07 (1880). Further, we have also followed the well-established rule that where a statute requires an abutting property owner to engage in sidewalk maintenance activities, such as the removal of snow and ice accumulations, such an affirmative obligation does not give rise to liability for damages. *See Peffers v. City of Des Moines,* 299 N.W.2d 675, 677–78 (Iowa 1980), *superseded by statute,* 1984 Iowa Acts ch. 1002, § 1 (codified at Iowa Code § 364.12(2)(*b*) (1985)), *as recognized in Fritz v. Parkison,* 397 N.W.2d 714, 717 n.1 (Iowa 1986).

## IV.  Overview of Relevant Statutes and Ordinances.

We begin with a review of the provisions of Iowa Code chapter 364. Chapter 364 generally describes the powers and duties of cities under Iowa law. *See* Iowa Code ch. 364 (2009). Section 364.12(2) relates to

maintaining certain city property, including sidewalks. *See* Iowa Code § 364.12(2). As relevant, section 364.12(2) provides:

> A city shall keep all . . . sidewalks . . . in repair, and free from nuisance, with the following exceptions:
>
> . . . .
>
> (*b*) The abutting property owner is responsible for the removal of the natural accumulations of snow and ice from the sidewalks within a reasonable amount of time and may be liable for damages caused by the failure of the abutting property owner to use reasonable care in the removal of the snow or ice. . . .
>
> (*c*) The abutting property owner may be required by ordinance to maintain all property outside the lot and property lines and inside the curb lines upon the public streets . . . .

*Id.*

In light of section 364.12(2)(*c*), the City enacted an ordinance that in relevant part, provides that "[t]he abutting property owner shall maintain the sidewalk in a safe condition, in a state of good repair, and free from defects." Iowa City Code § 16-1A-6. The ordinance further provides that "[t]he abutting property owner may be liable for damages caused by failure to maintain the sidewalk."[2] *Id.*

---

[2]The full text of the ordinance is as follows:

> The abutting property owner shall maintain all public right of way located between the edge of the street or curb line and the property line, and shall keep such area in a safe condition free from defects, debris, nuisances, obstructions or any other hazard. The abutting property owner may be liable for damages caused by failure to maintain the public right of way located between the edge of the street or curb line and the property line. *The abutting property owner shall maintain the sidewalk in a safe condition, in a state of good repair, and free from defects. The abutting property owner may be liable for damages caused by failure to maintain the sidewalk.* Notwithstanding the obligations imposed hereunder, the property owner shall in no event remove diseased trees or dead wood or plant, trim, remove or treat any tree or plant material on public right of way without first obtaining a permit from the city forester.

Iowa City Code § 16-1A-6 (emphasis added).

The latter-quoted clause gives rise to the controversy in this case. The State claims the City does not have the power to impose liability on an abutting property owner, but may only require the abutting property owner to maintain the sidewalk as expressly permitted by Iowa Code section 364.12(2)(*c*).

Finally, Iowa Code section 669.2(3)(*a*), which defines "claim" for purposes of the ITCA, generally waives sovereign immunity for

> [a]ny claim against the state for Iowa for money only, on account of damage to or loss of property or on account of personal injury or death, caused by the negligent or wrongful act or omission of any employee of the state while acting within the scope of the employee's office or employment, under circumstances where the state, if a private person, would be liable to the claimant for such damage, loss, injury, or death.

A contested issue in this case is whether the City's cross-petition asserts a claim under this provision.

**V. Authority of City to Impose Liability by Ordinance on Abutting Landowners for Sidewalk Maintenance and Repair.**

**A. Positions of the Parties.**

1. *The State.* The State contends the language in Iowa Code section 364.12(2)(*c*) does not shift liability to abutting property owners for failure to maintain or repair sidewalks. At common law, the State observes, there is no negligence action for sidewalk maintenance against the abutting landowner. *See City of Keokuk,* 53 Iowa 352 at 355–57, 5 N.W. at 506–07. The State's position is that the statute does not alter the common law rule, but only requires an abutting land owner *to maintain* the sidewalk. If the abutting property owner fails to repair the sidewalk after notice, the City may perform the work and bill the abutting landowner "for collection in the same manner as a property tax." Iowa Code § 364.12(2)(*d*)–(*e*).

The State supports its argument by citing the adjacent statutory provision related to removal of snow and ice found in Iowa Code section 364.12(2)(*b*). Here, the legislature expressly declared the abutting property owner "is responsible" for removal of natural accumulations of snow and ice and "may be liable for damages caused by the failure of the abutting property owner to use reasonable care in the removal of snow or ice." Iowa Code § 364.12(2)(*b*). The State asserts the language in the statute authorizing damages for failure to remove snow and ice was enacted by the legislature in 1984 to nullify this court's decision in *Peffers*. *See* 1984 Iowa Acts ch. 1002, § 1. In *Peffers*, we held a precursor Iowa Code section 364.12(2)(*b*), which merely stated the property owner was responsible for prompt removal of snow and ice, did not establish a right of action for damages upon the abutting landowner. 299 N.W.2d at 676, 679.

The State then addresses the question of whether the City's ordinance is a permissible exercise of home-rule powers even if Iowa Code section 364.12(2)(*b*) does not expressly authorize a damage remedy. The City notes that under section 364.12(2), the legislature has stated that "[a] city shall keep all . . . sidewalks . . . in repair, and free from nuisance, with the following exceptions" including the exception authorizing the City to require abutting landowners to maintain sidewalks in Iowa Code section 364.12(2)(*c*). The State claims, however, that the carve-out from primary responsibility for sidewalks is a limited one that only relates to *maintenance and repair*, and does not authorize a carve-out for damages actions. As a result, any liability for damages remains with the City, which is required to maintain sidewalks subject only to the narrow statutory exceptions. Any effort by the City to shift liability for sidewalk maintenance, according to the State, is thus

inconsistent with the legislative scheme, which imposes responsibility for maintenance of sidewalks upon the City subject only to certain exceptions.

2. *The City.* The City views the statutory scheme differently. The City views section 364.12(2)(*b*) as a mandatory section under which an abutting landowner "is responsible" for snow and ice removal from sidewalks and "may be liable for damages" regardless of the policy preference of the City. Iowa Code § 364.12(2)(*b*). No local ordinance is required to implement the legislature's policy of imposing liability for snow and ice removal from sidewalks on abutting landowners.

The City argues, however, that in contrast to the snow and ice provision, Iowa Code section 364.12(2)(*c*) is an *optional* provision. Under section 364.12(2)(*c*), the City argues the question of whether an abutting landowner is liable for damages arising from maintenance or the failure to repair defects in sidewalks rests within the discretion of the City. In other words, the legislature has directed that in all cities, an abutting landowner may be liable for damages related to snow and ice, but with respect to general maintenance and repair of sidewalks, the question of liability of abutting property owners depends upon whether a city elects to impose such liability by ordinance.

Turning to the home-rule issue, the City asserts that under article III, section 38A of the Iowa Constitution, as implemented by legislation, "[a] city may exercise its general powers subject only to limitations expressly imposed by a state or city law." Iowa Code § 364.2(2). The City further notes that "[a]n exercise of a city power is not inconsistent with a state law unless it is irreconcilable with state law." *Id.* § 364.2(3).

The City then analyzes our caselaw determining whether a local law is inconsistent with state law. The City notes that we have employed

a preemption analysis that includes express preemption and two forms of implied preemption, field preemption and conflict preemption. The City notes the Iowa Code does not expressly preempt a city's imposition of liability for sidewalk maintenance and repair on abutting landowners, and as a result, the case turns on implied field and conflict preemption. With respect to field preemption, the City argues the statutes related to the maintenance of sidewalks are not sufficiently comprehensive to oust the City's home-rule authority. *Cf. City of Davenport v. Seymour*, 755 N.W.2d 533, 543 (Iowa 2008) (noting comprehensive statute may give rise to field preemption). With respect to conflict preemption, the City argues an ordinance must be irreconcilable with state law, such as when local law prohibits an act permitted by statute or permits an act prohibited by statute. *See BeeRite Tire Disposal/Recycling, Inc. v. City of Rhodes*, 646 N.W.2d 857, 859 (Iowa Ct. App. 2002). According to the City, the imposition of a duty and subsequent liability is a measure for the "safety, health, welfare, comfort, and convenience of its residents" and is faithful with the legislative framework established in Iowa Code chapter 364. Iowa Code § 364.1.

**B. Analysis.** We begin our discussion by making an important legal distinction. One question raised by the State is whether Iowa Code section 364.12(2)(*c*) gives rise to a private cause of action against an abutting property owner for injuries sustained as a result of a sidewalk defect. We think the answer to this question is clear, and it is no. As the State correctly points out, the statute expressly authorizes a damages action against an abutting landowner for failure to remove snow and ice in Iowa Code section 364.12(2)(*b*), but such language is notably absent in Iowa Code section 364.12(2)(*c*). The inclusion of an express provision for a damages action in subsection (*b*) and the omission of such language in

subsection (*c*) is a strong indicator that we should not imply a damages action in subsection (*c*).

Further, the caselaw supports the State's argument that Iowa Code section 364.12(2)(*c*) does not expressly or impliedly provide for a private cause of action. In *Peffers*, we considered whether a precursor to the present statute authorized a damage remedy based on an alleged negligent failure to remove snow and ice. 299 N.W.2d at 676. Consistent with the prevailing caselaw across the country, we held that the statute at the time, which only imposed a duty of maintenance with respect to sidewalks, did not create a damage remedy. *Id.* at 677.

In response to *Peffers*, the legislature amended Iowa Code section 364.12(2)(*b*) to explicitly provide for a damage remedy in the case of removal of snow and ice. *See* 1984 Iowa Acts ch. 1002, § 1. The legislative action conformed to the generally prevailing view endorsed in *Peffers* that a statute or ordinance that imposes a duty of maintenance does not give rise to a damages action, while, conversely, if a statute or ordinance does expressly provide for a damages action, liability may result. 299 N.W.2d at 677.

If the question of whether the statute, standing alone, authorizes a damages remedy demarcated the end of the legal trail, this case would be an easy case, and quickly dispatched. But it is not the end of the legal trail. The City rests its legal argument not on the stand alone authority of Iowa Code section 364.12(2)(*c*), but instead upon its local ordinance which expressly authorizes a damage remedy. In short, the City asserts it may bring in the State as a third-party defendant under its ordinance which *expressly* provides that the abutting landowner has a duty to maintain the sidewalk and is liable for damages in the case of negligence arising from a breach of that duty. This is a distinctly different issue

than was decided in *Peffers.* In *Peffers,* the issue was whether a damages action could be implied from a mere duty to maintain the sidewalk. *See* 299 N.W.2d at 677. Here, the ordinance goes well beyond the statute at issue in *Peffers* and expressly authorizes damages actions. *See* Iowa City Code § 16-1A-6. In other words, the central question in this case is whether the express damages provision in the Iowa City ordinance may be validly enforced against the State.

In order to determine whether the ordinance is lawful, we begin with Iowa Constitution article III, section 38A, which generally provides for home rule for Iowa municipalities. Under our home-rule approach, except for taxing authority, municipalities ordinarily have the power to determine local affairs as they see fit unless the legislature has provided otherwise. *See* Iowa Const. art. III, § 38A. We must determine whether the legislature has ousted the City's power to enact the ordinance through the various provisions of Iowa Code section 364.12.

In determining whether the legislature has trumped local action, we engage in what we have called preemption analysis. By way of general overview, there are two types of preemption: express and implied. Express preemption occurs where the legislature has explicitly prohibited local action in a given area. *Hensler v. City of Davenport*, 790 N.W.2d 569, 585 (Iowa 2010); *Seymour*, 755 N.W.2d at 538; *Goodell v. Humboldt County*, 575 N.W.2d 486, 492 (Iowa 1998). No party here claims the legislature has expressly prohibited municipalities from seeking to impose liability on abutting landowners for sidewalk maintenance. As a result, only implied preemption is available to the State in its effort to defeat enforcement of the City ordinance.

Implied preemption breaks down into two subcategories, field preemption and conflict preemption. *Hensler,* 790 N.W.2d at 585–86;

*Seymour*, 755 N.W.2d at 538–39; *Goodell*, 575 N.W.2d at 493. No one has suggested field preemption—which may apply when the legislature has enacted a comprehensive regulatory framework—applies here. *Hensler*, 790 N.W.2d at 585–86; *Seymour*, 755 N.W.2d at 539. So the sole issue is whether the City's ordinance conflicts with a state statute. If the ordinance conflicts with a statute, it is, of course, invalid. *See Seymour*, 755 N.W.2d at 538, 541–42. If it does not conflict, it is a permitted exercise of home-rule authority.

In considering implied conflict preemption, where possible we seek to harmonize the state statute with the local ordinance. *Seymour*, 755 N.W.2d at 539; *Goodell,* 575 N.W.2d at 500. In order to give rise to implied conflict preemption, the ordinance must be "irreconcilable" with state law. *Hensler*, 790 N.W.2d at 585; *Seymour*, 755 N.W.2d at 539, 541; *BeeRite Tire Disposal*, 646 N.W.2d at 859. In applying implied conflict preemption, we are to " 'interpret the state law in such a manner as to render it harmonious with the ordinance.' " *Seymour*, 755 N.W.2d at 539 (quoting *City of Des Moines v. Gruen*, 457 N.W.2d 340, 342 (Iowa 1990)); *accord Iowa Grocery Indus. Ass'n v. City of Des Moines*, 712 N.W.2d 675, 680 (Iowa 2006). In order to be "irreconcilable," the conflict must be " 'obvious, unavoidable, and not a matter of reasonable debate.' " *Hensler*, 790 N.W.2d at 585 (quoting *Seymour*, 755 N.W.2d at 539).

Although we think it quite clear that Iowa Code section 364.12(2)(*b*) does not create a stand-alone cause of action for damages with respect to the failure of an abutting landowner to maintain or repair sidewalks, nothing in the statute expressly or impliedly prohibits cities from doing so. The statute indicates an abutting property owner "may be required" by ordinance to maintain property, Iowa Code § 364.12(2)(*c*),

but does not prohibit an ordinance that also creates a damages remedy, *see* Iowa Code § 364.12. While legislative silence on the issue may be a powerful indicator that the legislature has not created an implied cause of action *under the statute*, we do not think legislative silence can be interpreted as a *prohibition of local action* under home rule in light of our obligation to harmonize and reconcile a statute with an ordinance whenever possible. In order to be irreconcilable, the conflict must be "obvious, unavoidable, and not a matter of reasonable debate." *Hensler*, 790 N.W.2d at 585 (quoting *Seymour*, 755 N.W.2d at 539). Here, there is no such conflict between the statute, which relates to maintenance of sidewalks, and the City's ordinance, which expressly states that abutting landowners are liable for damages resulting from sidewalk defects.

Where an ordinance or statute imposes a duty to maintain sidewalks on abutting landowners, the majority view is that the obligation of the abutting landowner is one as agent for the municipality, or, acting for the benefit of the municipality. *See Schaefer*, 146 P.2d at 930–32; *Nord*, 30 P.2d at 812–13 ("When . . . the city by ordinance requires the abutting property owner to keep the sidewalk in repair, the city's duty to the public is not affected; it merely makes the individual a joint agent with the city officials for the performance of the city's duty.").[3] We therefore conclude that when an ordinance or statute validly imposes a maintenance obligation and also imposes liability on the abutting

---

[3]The City has pled a contribution rather than an indemnification claim. We do not think the label is a basis for granting summary judgment in this case. Although indemnification and contribution are not identical concepts, contribution is a lesser-included liability compared to the liability resulting from indemnification. In any event, because our statutory interpretation is a question of first impression, we do not believe that summary judgment should be granted without giving the City an opportunity to amend its petition to allege indemnity to the extent such an amendment is necessary.

landowner, the City is entitled to indemnification from the abutting landowner for any damages arising out of its failure to maintain the sidewalk.

We note that at least one other jurisdiction has come to the conclusion that a similar local ordinance is not preempted by state law. In *Gonzales*, the appellate court considered, among other issues, whether a state statute which required landowners of abutting property to maintain sidewalks preempted a local ordinance which provided that abutting landowners could be liable to third parties. 23 Cal. Rptr. 3d at 183–84. The *Gonzales* court specifically considered whether California Streets and Highways Code section 5610, which required abutting landowners to maintain sidewalks preempted the local ordinance. *Id.* at 182–84. According to the *Gonzales* court, the statute dealt only with "maintenance of abutting sidewalks, and the landowner's duty to the city, not to pedestrians that use the sidewalk." *Id.* at 184. The *Gonzales* court reasoned that "silence on the issue of adjacent landowner liability does not preempt the local ordinance." *Id.* We apply similar reasoning in this case.

For the above reasons, we conclude the Iowa City ordinance expressly providing for a damage remedy against abutting landowners with respect to sidewalk defects is not preempted by Iowa Code section 364.12(2).

**VI. Whether Potential Imposition of Liability Against the State is an Unlawful Tax.**

**A. Positions of the Parties**.

1. *The State.* The State contends the City's attempt to thrust liability onto the State amounts to an effort to levy a tax not authorized by statute. The State cites the Iowa home rule amendment. *See* Iowa

Const. art. III, § 38A. Under the home rule amendment, a municipal corporation does not have the power "to levy any tax unless expressly authorized by the general assembly." *Id.* The State points out that nothing in the Iowa Code expressly authorizes the City to shift liability onto abutting property owners. Further, the State claims that under Iowa Code section 364.3(2), a city may not impose a penalty in excess of a fine of five hundred dollars and thirty days' imprisonment, and under Iowa Code section 364.3(6), a city may not provide a civil penalty in excess of seven hundred and fifty dollars for the violation of a municipal infraction. Imposition of tort damages, the State argues, is the imposition of an unauthorized tax.

2. *The City.* The City responds by noting that under our caselaw, a tax is " 'a charge to pay the cost of government without regard to special benefits conferred,' meaning its primary purpose is to raise revenue." *Kragnes v. City of Des Moines,* 714 N.W.2d 632, 639 (Iowa 2006) (quoting *Home Builders Ass'n of Greater Des Moines v. City of West Des Moines,* 644 N.W.2d 339, 346 (Iowa 2002)). The City maintains the primary purpose of its ordinance is not to raise revenue for the City, but to allow a third party injured by a defect in a sidewalk to recover from the abutting landowner. Further, the City contends nothing in Iowa Code sections 364.3(2) or 364.3(6) prevents the City from imposing remedies on property owners that exceed those limitations.

**B. Analysis.** Although there are few cases of recent vintage, most of the authorities dealing with ordinances thrusting responsibility for sidewalks onto abutting owners have been sustained against challenges that they impose an unlawful tax. *See James v. City of Pine Bluff,* 4 S.W. 760, 761–62 (Ark. 1887); *Palmer v. Way,* 6 Colo. 106, 117–18 (1881); *Inhabitants of Palmyra v. Morton,* 25 Mo. 593, 595–96 (1857); *City of*

*Lincoln v. Janesch*, 89 N.W. 280, 281–82 (Neb. 1902); *State v. Newark*, 37 N.J.L. 415, 422–23 (1874); *Mayor & Aldermen v. Maberry*, 25 Tenn. (5 Hum.) 368, 372–74 (1845); *Cain v. City of Tyler*, 261 S.W. 1018, 1021 (Tex. Comm'n App. 1924, judgm't adopted).  There is some authority to the contrary.  *See Noonan v. City of Stillwater*, 22 N.W. 444, 445–47 (Minn. 1885).  *See generally* J.P.M., Annotation, *Constitutionality of State or Ordinance Imposing upon Abutting Owners or Occupants Duty in Respect of Care or Condition of Street or Highway*, 58 A.L.R. 215 (1929), *available at* www.westlaw.com (collecting cases regarding the constitutionality "of statutes imposing upon abutting owners or occupants duties in respect of care or condition of street or highway").

Our cases indicate a tax is a general revenue measure without benefits conferred.  *Kragnes*, 714 N.W.2d at 639; *Home Builders*, 644 N.W.2d at 346.  We do not believe an ordinance that imposes a liability on a property owner for injuries arising from sidewalk defects amounts to a tax.  No funds go into the City's coffers for general purposes.  Taxpayers are not being charged for services that have no benefit to them.  Instead, the ordinance imposes a duty on abutting landowners and makes them responsible for personal injuries that occur from sidewalk defects that exist as a result of their breach of a duty established by the city ordinance.  We do not think this case can be shoehorned into our taxation doctrine.  Like the majority of cases from other jurisdictions, we regard the ordinance as a police regulation not unlike building or housing codes or protections against public and private nuisances.  We therefore reject the State's challenge to the Iowa City ordinance on the ground that it imposes an unauthorized tax.

**VII. Whether the City's Cause of Action Against the State is a "Claim" Under the ITCA.**

**A. Positions of the Parties.**

1. *The State.* The State maintains that at common law, an injured party could not seek to recover for damages due to a sidewalk defect from an abutting landowner. *City of Keokuk*, 53 Iowa at 355–57, 5 N.W. at 506–07 (holding that city may, by ordinance, require abutting landowner to repair sidewalk, but that the abutting landowner is not liable in an action in tort for injuries). The State next maintains that when the ITCA was enacted in 1966, the statute only waived sovereign immunity for torts "then existing at common law." Because liability for injuries due to a defect in a sidewalk could not at common law be thrust upon an abutting landowner at the time the ITCA was enacted, the State contends the State has not waived sovereign immunity on the City's claim. In other words, the State asserts that its sovereign immunity has not been waived with respect to claims arising from any obligations created under Iowa Code section 364.12(2)(*c*) or Iowa City Code section 16-1A-6 because these measures were enacted after the ITCA was passed.

In addition to arguing that the ITCA does not waive immunity for subsequently enacted statutes and ordinances, the State also maintains that nothing in Iowa Code section 364.12(2)(*c*) itself amounts to a waiver of sovereign immunity. In support of its argument that Iowa Code section 364.12(2)(*c*) does not waive sovereign immunity, the State cites two Connecticut cases, *Rivers v. City of New Britain*, 950 A.2d 1247 (Conn. 2008) (involving case in which the court granted the state's motion to dismiss where claim was based on city ordinance that was authorized by statute generally imposing duty and liability on all abutting landowners to maintain sidewalk because statute did not

expressly waive state's sovereign immunity), and *Gould v. City of Hartford*, 691 A.2d 35 (Conn. Super. Ct. 1995) (same).

2. *The City.* The City argues liability in this case is, in fact, based upon common law that preexisted the ITCA. According to the City, its claim is an old-fashioned claim based upon common law negligence. The City recognizes the duty of care imposed on an abutting landowner to keep sidewalks free from defects arises under the City's ordinance, but contends the cause of action remains the common law tort of negligence. The City cites *Seeman* for the proposition that a statutory duty may establish an essential element of a negligence action, such as the duty of care, but it does not provide a cause of action. *See* 322 N.W.2d at 37. In short, the City contends the State confuses the creation of a duty by statute with the creation of a cause of action for negligence. The City notes that once it is understood that its claim sounds in negligence, it is clear under the ITCA, specifically Iowa Code section 669.2(3)(*a*), that sovereign immunity has been waived with respect to liability "caused by the negligent or wrongful act or omission of any employee of the state." Iowa Code § 669.2(3)(*a*).

With respect to the argument that section 364.12(2)(*c*) does not expressly waive sovereign immunity for claims arising out of city ordinances related to sidewalks, the City asserts that no such express waiver is required because the ITCA provides a general waiver of liability. The City distinguishes *Gould* and *Rivers* on the ground that Connecticut, unlike Iowa, has no general sovereign immunity statute.

The City then turns to the ITCA to determine whether the State has waived sovereign immunity for the claims in this case. The City notes that the contribution claim it is making is based upon a personal injury. It further asserts that if the abutting property owner was a

private person, and if that private person were negligent, liability would arise. Further, the claim is not excluded by one of the exceptions listed in Iowa Code section 669.14. Therefore, the City argues that its cause of action against the State amounts to a "claim" under the ITCA.

**B. Analysis.** We think the City has the best argument here. The term "claim" in the ITCA is broadly defined to include any damages "caused by the negligent or wrongful act or omission of any employee of the state." Iowa Code § 669.2(3)(*a*). We have characterized the ITCA as establishing a "general waiver" of sovereign immunity subject to the delineated exceptions in Iowa Code section 669.14. *Adam v. State*, 380 N.W.2d 716, 724 (Iowa 1986). The State does not claim any of the stated exceptions are applicable in this case.

Instead, the State argues that because Iowa Code section 364.12(2)(*c*) and Iowa City Code section 16-1A-6 were enacted after the ITCA was passed sovereign immunity has not been waived here and nothing in Iowa Code section 364.12(2)(*c*) amounts to a waiver of sovereign immunity. The State misses the distinction between the source of a duty and a cause of action. As we noted in *Seeman*:

> A statutory duty or standard may thus establish an essential element for a negligence action. However, it does not provide the cause of action. . . . The duty or standard of care, statutory or otherwise, is merely an element of proof that comes into play after an action has been rightfully commenced pursuant to the preexisting common-law cause of action.

322 N.W.2d at 37. Thus, even accepting the State's analytical framework, it appears that the cause of action in this case is negligence. No one contests that a claim of negligence preexisted the passage of the ITCA.

Further, the core purpose of the general waiver of sovereign immunity in the ITCA, subject of course to the enumerated exceptions expressly stated in Iowa Code section 669.14, is to allow the State to be sued "under circumstances where the state, if a private person, would be liable to the claimant for such damage, loss, injury, or death." Iowa Code § 669.2(3)(*a*); *see also Graham v. Worthington*, 259 Iowa 845, 861, 146 N.W.2d 626, 637 (1966) (holding ITCA does not create new causes of action, but creates acceptance of liability under circumstances that would bring private liability into existence). As a result of our previous holdings, we have determined that if the abutting landowner in this case were a private entity, it could be brought into this case as a third-party defendant. We thus think permitting the City to bring the State in as a third-party defendant in this negligence action and treating it as if it were a private party, fulfills the fundamental purpose of the ITCA. The broad waiver of sovereign immunity in the ITCA thus makes this case distinguishable from *Gould* and *Rivers*.

We therefore reject the State's argument that the waiver of sovereign immunity is somehow limited to claims that would have been recognized at the time of the passage of the Act. We see nothing in the Act that suggests potential claims against the state are limited precisely to those that might have been brought in 1966. Instead, we think the better view is that the State, subject to the statutory exceptions, stands in the same shoes as a private party for claims regardless of their viability at the time the ITCA was enacted. If the State is correct, a tort regime would develop slowly over time which, after the passage of decades of legal development, would lead to a dual-track system of liability, thereby undermining the stated legislative purpose. We do not think the legislature intended to build into the ITCA a mechanism of gradual erosion.

**VIII. Conclusion.**

For all the above reasons, we conclude the Iowa City ordinance is not preempted by Iowa Code section 364.12(2), the potential imposition of indemnity under the ordinance does not give rise to an unlawful tax, and the claim brought against the State is within the scope of ITCA for purposes of waiver of sovereign immunity.  As a result, the decision of the district court denying the State's motion to dismiss is affirmed.

**AFFIRMED.**

All justices concur except Waterman and Mansfield, JJ., who dissent.

**MANSFIELD, Justice (dissenting).**

I respectfully dissent. As I read Iowa Code section 364.12(2), it requires cities to keep sidewalks in good repair except to the extent the city has served notice of a needed repair on the abutting property owner, and even then the property owner's liability is limited to the cost of repair. *See* Iowa Code § 364.12(2) (2009). Iowa City's ordinance is an effort by the City to alter this statutory division of responsibility between city and property owner. Simply stated, the City wants the property owner to do more to maintain City-owned sidewalks, so that the City may do less. This conflicts with section 364.12(2). It also conflicts with the common law of Iowa, which we previously said in *Peffers v. City of Des Moines* was not modified by section 364.12(2) in the area of tort liability. *See* 299 N.W.2d 675, 677–79 (Iowa 1980), *superseded by statute*, 1984 Iowa Acts ch. 1002, § 1 (codified at Iowa Code § 364.12(2)(*b*) (1985)). Thus, I believe state law preempts Iowa City's ordinance. *See* Iowa Const. art. III, § 38A (disallowing municipal ordinances that are "inconsistent with the laws of the general assembly").

Let me begin with the state law in question. Section 364.12(2) states in relevant part:

> 2. *A city shall keep all* public grounds, streets, *sidewalks*, alleys, bridges, culverts, overpasses, underpasses, grade crossing separations and approaches, public ways, squares, and commons open, *in repair*, and free from nuisance, *with the following exceptions*:
>
> . . . .
>
> *b.* The abutting property owner is responsible for the removal of the natural accumulations of snow and ice from the sidewalks within a reasonable amount of time and may be liable for damages caused by the failure of the abutting property owner to use reasonable care in the removal of the snow or ice. If damages are to be awarded under this section against the abutting property owner, the claimant has the

burden of proving the amount of the damages. To authorize recovery of more than a nominal amount, facts must exist and be shown by the evidence which afford a reasonable basis for measuring the amount of the claimant's actual damages, and the amount of actual damages shall not be determined by speculation, conjecture, or surmise. All legal or equitable defenses are available to the abutting property owner in an action brought pursuant to this paragraph. The city's general duty under this subsection does not include a duty to remove natural accumulations of snow or ice from the sidewalks. However, when the city is the abutting property owner it has the specific duty of the abutting property owner set forth in this paragraph.

*c.* The abutting property owner may be required by ordinance to maintain all property outside the lot and property lines and inside the curb lines upon the public streets, except that the property owner shall not be required to remove diseased trees or dead wood on the publicly owned property or right-of-way.

*d.* A city may serve notice on the abutting property owner, by certified mail to the property owner as shown by the records of the county auditor, requiring the abutting property owner to repair, replace, or reconstruct sidewalks.

*e.* If the abutting property owner does not perform an action required under this subsection within a reasonable time, a city may perform the required action and assess the costs against the abutting property for collection in the same manner as a property tax. This power does not relieve the abutting property owner of liability imposed under paragraph "b".

Iowa Code § 364.12(2) (2009) (emphasis added).

This law seems to me fairly clear. Under the preamble to section 2 and subsection (*d*), the city has the duty to maintain the sidewalk unless it "serve[s] notice on the abutting property owner," directing it to make repairs. *Id.* § 364.12(2)(*d*). On the other hand, under subsection (*b*), the abutting property owner is responsible for removing snow from sidewalks "within a reasonable amount of time" without regard to notice and may be liable in damages for failing to do so. *Id.* § 364.12(2)(*b*). Finally, under subsection (*c*), the city has the option of requiring the property owner to maintain city property that is inside the curb line. *Id.*

§ 364.12(2)(*c*). This, for example, could be a requirement that the property owner mow any lawn between the sidewalk and the street. *See, e.g.*, *Goodenow v. City Council*, 574 N.W.2d 18, 23 (Iowa 1998). However, I do not read subsection (*c*) as covering the subjects of sidewalk snow removal or sidewalk repair, because they are expressly covered by subsections (*b*) and (*d*). If subsection (*c*) were meant to cover those issues, then subsections (*b*) and (*d*) would be superfluous. *See* Iowa Code § 4.4(2) (setting forth the presumption that "[t]he entire statute is intended to be effective"); *Neal v. Annett Holdings, Inc.*, 814 N.W.2d 512, 520 (Iowa 2012) ("In interpreting a statute, each term is to be given effect, and we will not read a statute so that any provision will be rendered superfluous." (Citation and internal quotation marks omitted.)).

This allocation of responsibility between city and property owner is logical. Snow removal from sidewalks has to be performed several times each winter. It is relatively inexpensive and convenient for property owners to clear adjacent sidewalks at the same time they are shoveling their own driveways and walks. Therefore, it makes sense for property owners to bear this obligation. It would be inefficient to impose on cities the duty to inspect sidewalks for snow and ice or to keep them clear of snow and ice.

On the other hand, sidewalk *repairs* are a rarer and more costly undertaking. Determining whether a repair is needed and the kind of repair needed may involve some engineering or cost-benefit judgment. Thus, it makes sense for the city to shoulder much of this obligation, even if the city is given the right to ask the property owner to make the repairs according to the city's specifications and, if the property owner

does not do so, to charge back the costs of repair to the abutting property owner.[4]

Given the foregoing statutory wording, I see a clear conflict between state law and Iowa City's ordinance. The ordinance provides in relevant part:

> The abutting property owners shall maintain the sidewalk in a safe condition, in a state of good repair, and free from defects. The abutting property owner may be liable for damages caused by failure to maintain the sidewalk.

Iowa City, Iowa, Code § 16-1A-6 (current through Mar. 4, 2014), *available at* www.sterlingcodifiers.com/codebook/index.php?book_1b= 953.

This ordinance expands the property owner's liability well beyond the confines of Iowa Code section 364.12. The ordinance provides not only that the property owner will be responsible for the cost of sidewalk repair if notified by the City that a repair is necessary, but also that it will be liable to the public for sidewalk accidents whether it was notified by the City that a repair was necessary or not. *See* Iowa City Code § 16-1A-6. As the majority concedes, no such liability exists at common law. After all, the sidewalk is the property of the City, not the abutting property owner.

---

[4]Notably, Iowa City explains on its website that it inspects the sidewalks throughout the City regularly on a rotating basis for needed repairs. *See* City of Iowa City, Iowa *Sidewalk Repair Program,* http://www.icgov.org/?id=1911 (last visited June 6, 2014). When it finds a problem, it sends a notice to the property owner detailing the repairs needed and specifications for how the repairs need to be performed. *Id.* If the property owner fails to make the repair by the deadline, the City does the repair itself and invoices the property owner for construction costs plus a $25 administrative fee. *Id.*

Obviously, if the property owner does something that affects the condition of the sidewalk, then a duty could arise under the common law. *See Thompson v. Kaczinski,* 774 N.W.2d 829, 835–36 (Iowa 2009).

The conflict becomes even more apparent when you consider the backdrop to the current version of Iowa Code section 364.12. In *Peffers*, we held that section 364.12(2)(*b*), as it read at the time, did not allow private persons to sue abutting property owners for failure to remove snow and ice. 299 N.W.2d at 679. We emphasized that at common law, the city, which owns the sidewalk, and not the property owner, bore this liability. *Id.* at 677. We held the statutory language making the abutting property owner "responsible" for the removal of snow and ice from sidewalks only made the property owner responsible for its removal vis-à-vis the city and did not give rise to liability vis-à-vis the public. *Id.* at 677–79. As we explained,

> We assume that the legislature knew of the existing state of our case law, holding the city rather than the abutting property owner liable to pedestrians. We find no clear indication in the present statute that the legislature intended to change the existing law. First, there is no language in the statute expressly addressing the issue of liability to pedestrians. Second, the legislative history of section 364.12(2) does not evince any intention on the part of the legislature either to shift to the abutting property owner or otherwise abrogate the city's liability to pedestrians for negligent care of public sidewalks. The preamble to the legislation states that the purpose of the enactment is to establish home rule for local government. A careful reading of the preamble does not reveal anything purporting to alter the existing state of the law regarding liability to pedestrians.

*Id.* at 679.

After *Peffers* was decided, the general assembly amended section 364.12(2) to expressly authorize a damages action under subsection (*b*) when the abutting property owner failed to remove snow and ice.[5] *See*

---

[5]At the time of the *Peffers* decision, subsection (*b*) read only as follows: " 'The abutting property owner is responsible for the prompt removal of snow, ice, and accumulations from the sidewalks.' " 299 N.W.2d at 676 (quoting Iowa Code § 364.12(2)(*b*) (1979)).

1984 Iowa Acts ch. 1002, § 1. However, the legislature did not materially amend subsections (*c*) or (*d*). *See id.* Thus, I think the *Peffers* holding that section 364.12(2) incorporates the common law of torts still applies to those two subsections. *See* 299 N.W.2d at 678. Since the prior language in subsection (*b*) requiring the abutting landowner to be "responsible" for snow removal was *not* enough to establish a legal duty running from the abutting landowner to the public contrary to common law, I do not see how the carried-over language in subsection (*c*) giving the city the option of requiring the abutting landowner to "maintain" public property would authorize the city to create a new liability running from the landowner to the public that is also contrary to common law. *See* Iowa Code § 364.12(2)(*c*); *Peffers*, 299 N.W.2d at 677. Had the legislature contemplated a shift from the common law rule that abutting property owners were not liable to pedestrians in any area *other than* snow removal, it would have included language in subsection (*c*) or (*d*) similar to the language it added to subsection (*b*). *See* Iowa Code § 364.12(2)(*b*)–(*d*).

Furthermore, the 1984 legislation added to subsection (*e*) the following sentence: "<u>This power does not relieve the abutting property owner of liability imposed under paragraph b.</u>" *See* 1984 Iowa Acts ch. 1002, § 1. But doesn't this addition indicate, implicitly, that the property owner is not subject to potential liability to the public under the other subsections? Otherwise, the legislature would have mentioned them.

We follow the statutory interpretation rule in Iowa that "expressio unius est ex[c]lusio alterius, meaning that 'legislative intent is expressed by omission as well as by inclusion.' " *Staff Mgmt. v. Jimenez*, 839 N.W.2d 640, 649 (Iowa 2013). Here, the legislature expressly authorized liability to pedestrians only in subsection (*b*). *See* Iowa Code

§ 364.12(2)(*b*). I think the conclusion is inescapable it did not authorize it in subsections (*c*) or (*d*). *Id.* § 364.12(2)(*c*)–(*d*).

The majority cites a California case that upheld a City of San Jose ordinance making adjacent landowners liable to pedestrians for unsafe conditions on sidewalks. *See Gonzales v. City of San Jose*, 23 Cal. Rptr. 3d 178, 183–84 (Ct. App. 2004). However, California state law expressly provides that adjacent landowners "shall maintain any sidewalk in such condition that the sidewalk will not endanger persons or property." *Id.* at 181 n.4 (quoting Cal. Sts. & High. Code § 5610 (West, Westlaw through Ch. 22 of 2014 Reg. Sess., Res. Ch. 1 of 2013–2014 2d Ex. Sess., and all propositions on the 6/3/2014 ballot)). This wording is quite different from Iowa Code section 364.12(2). *Cf. Dean v. Yahnke*, 670 N.W.2d 28, 32 (Neb. 2003) (finding that a legislative authorization to make sidewalk repairs and assess the expense to the abutting property owner did not authorize a second-class city to delegate the duty of sidewalk maintenance or repair generally or shift liability to the property owner).

While I do not at all disagree with the majority's thorough discussion of preemption principles, the real question here is one of statutory interpretation. Contrary to the majority, I do not believe the present case involves "legislative silence." Rather, Iowa Code section 364.12(2) contains an express legislative determination that the City should be responsible for sidewalk maintenance subject only to a particularized right to shift costs of repair to the adjoining property owner in certain circumstances. Hence, I would reverse and remand with instructions to grant the State's motion to dismiss.

Waterman, J., joins this dissent.