# IN THE COURT OF APPEALS OF IOWA

No. 14-1973
Filed January 28, 2015

IN THE INTEREST OF C.L. and S.L.,
    Minor Children,

R.L., Father,
    Appellant.

_____

Appeal from the Iowa District Court for Polk County, Louise M. Jacobs, District Associate Judge.

A father appeals from the order terminating his parental rights to two children and the denial of his motion to dismiss. **AFFIRMED.**

Nancy L. Pietz of Pietz Law Office, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, John P. Sarcone, County Attorney, and Kevin Patrick, Assistant County Attorney, for appellee.

Lisa Pendroy, Des Moines, for mother.

Michael Saveraid of Youth Law Center, Des Moines, attorney and guardian ad litem for minor children.

Considered by Mullins, P.J., and Bower and McDonald, JJ.

**MCDONALD, J.**

Reginald, the father of C.L. and S.L., appeals from the order terminating his parental rights and the juvenile court's denial of his motion to dismiss. He contends the juvenile court erred in denying his motion to dismiss the termination petition. He also contends the statutory grounds for termination are not supported by clear and convincing evidence, termination is not in the children's best interests, and the court failed to consider the exceptions to termination in Iowa Code section 232.116(3) (2013).

I.

The children were removed in May 2012 when the mother was arrested on drug charges; Reginald was unavailable because he was incarcerated. The children initially were placed in the legal custody of the Iowa Department of Human Services ("IDHS") for foster care placement, then placed in the legal custody of the maternal grandmother under IDHS supervision. That placement was continued at the disposition and review hearings due to the parents' unresolved substance abuse issues, criminal issues, and mental health issues. Reginald was released from jail in 2013, and he and the mother relapsed on methamphetamine in March. The April 2013 permanency order returned the children to the legal custody of the mother under IDHS supervision and granted concurrent jurisdiction to the district court to establish custody, visitation, and support. Reginald was back in jail on a probation violation until September.

By the time of the April 2014 permanency review hearing, Reginald was back in jail. In May, the State petitioned to terminate his parental rights under

Iowa Code section 232.116(1)(d), (e), (f), and (*l*).[1]   In July, Reginald filed a motion to dismiss, alleging in part, if the case were dismissed he "would have no legal rights to the children unless he would take some sort of action to establish parental rights through a district court paternity action."   At the beginning of the termination hearing in August, in which Reginald participated by telephone from prison, the court heard argument on the motion and denied it.   The court terminated Reginald's parental rights on all the grounds pled.   Reginald appeals.

II.

We review rulings on motions to dismiss for correction of errors at law. *See Madden v. City of Iowa City*, 848 N.W.2d 40, 44 (Iowa 2014); Iowa R. App. P. 6.907.   We accept as true the facts alleged in the petition and typically do not consider facts contained either in the motion to dismiss or in any accompanying attachments.   *See Geisler v. City Council of Cedar Falls*, 769 N.W.2d 162, 165 (Iowa 2009).

We review de novo proceedings terminating parental rights.   *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014).   We examine both the facts and law, and we adjudicate anew those issues properly preserved and presented.   *See In re L.G.*, 532 N.W.2d 478, 480 (Iowa Ct. App. 1995).   We give weight to the findings of the juvenile court, especially concerning the credibility of witnesses, but we are not bound by them.   *See id.* at 480-81.   While giving weight to the

---

[1] We note the petition alleges (and the court found) Reginald has "a severe, chronic substance abuse problem," which was the statutory language before the 2011 amendment.   Termination under section 232.116(1)(*l*) now requires the court to find the parent has "a severe substance-related disorder," which is an objective, "diagnosable substance abuse disorder."   *See* Iowa Code § 125.2(14).

findings of the juvenile court, our statutory obligation to review termination proceedings de novo means our review is not a rubber stamp of what has come before. We will thus uphold an order terminating parental rights if there is clear and convincing evidence of grounds for termination. *See In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). Evidence is "clear and convincing" where there are no serious or substantial doubts as to the correctness of the conclusions of law drawn from the evidence. *See id.*

Termination of parental rights under Iowa Code chapter 232 follows a three-step analysis. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). First, the court must determine if a ground for termination under section 232.116(1) has been established. *Id.* Second, if a ground for termination is established, the court must apply the framework set out in section 232.116(2) to decide if proceeding with termination is in the best interests of the child. *Id.* Third, if the statutory best-interests framework supports termination of parental rights, the court must consider if any statutory exceptions set forth in section 232.116(3) should serve to preclude termination. *Id.*

III.

Reginald first contends the court erred in denying his motion to dismiss. He argues if the court had granted his motion to dismiss, then he would have had to take some affirmative action to establish legal rights to the children. *See, e.g.*, Iowa Code § 600B.7 (proceeding to establish paternity). He further asserts the children were in the custody of their mother, so his parental rights need not be terminated.

Accepting the facts alleged in the petition to terminate parental rights as true, we conclude the court did not err in overruling the father's motion to dismiss. The children's best interests would not be served by forcing the State to initiate child-in-need-of-assistance proceedings anew.

Reginald next contests each of the statutory grounds cited by the court in terminating his parental rights. The court terminated Reginald's parental rights pursuant to section 232.116(1)(d), (e), (f), and (*l*). We may affirm the court's termination order on any ground we find supported by clear and convincing evidence. *See In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). Upon our de novo review of the record, we conclude grounds for termination exist under section 232.116(1)(f). Concerning this ground, Reginald argues the children were never in his custody so there is no evidence they were "removed from" his custody. *See* Iowa Code § 232.116(1)(f)(3) (requiring that the child "has been removed from the physical custody of the child's parents"). The supreme court has rejected a similar argument, that the statutory language "custody of the child has been transferred from the child's parents" required proof that custody had been transferred from both parents. *See In re N.M.*, 491 N.W.2d 153, 154 (Iowa 1992); *see also* Iowa Code § 4.1(17) (providing when interpreting statutes, "the singular includes the plural, and the plural includes the singular). To understand the statutory language in section 232.116(1)(f) otherwise would mean one parent's parental rights could not be terminated if the child was in the custody of the other parent, because section 232.116(1)(f)(4) requires a finding the child "cannot be returned to the custody of the child's parents" at that time. We

conclude termination of Reginald's parental rights pursuant to section 232.116(1)(f) was appropriate.

Reginald also contends termination is not in the best interests of the children. Iowa Code section 232.116(2) requires the court to "give primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional condition and needs of the child[ren]." The record supports the court's conclusions:

> There are ongoing concerns about the safety of the children if placed in the care and custody of their father. The children need a long-term commitment by an adult who can be appropriately nurturing, supportive of their growth and development, and who can appropriately meets their physical, mental, and emotional needs. It is clear that Reginald has a long history of not being able to provide a consistent parental presence in his children's lives. He has not . . . met their physical, mental, or emotional needs. Reginald has acted in manners completely adverse to their healthy development in his arson and domestically violent criminal actions, by his threats towards their mother, and by absconding from probation bringing incarceration. . . .
> . . . Given Reginald's history of threats towards [the mother] and actions against a mother of some of his other children support, it is reasonable to conclude that [the mother] and the children will be safer by terminating Reginald's parental rights.

We agree with the court that termination of Reginald's parental rights is in the best interests of these children.

Finally, Reginald contends the court failed to consider the factors in section 232.116(3). He argues the children are placed with a relative, they "have a bond with [him] and know who he is," "there are extended family members and

a great number of half-siblings whose relationships" would be affected,[2] and there was no expert testimony that termination would be less detrimental to the children than continuing their relationship with him. *See* Iowa Code § 232.116(3)(a) and (c).

The factors in section 232.116(3) are permissive, not mandatory, and the court may use its discretion, based on the unique circumstances of each case and the best interests of the children, whether to apply the factors in this section to save the parent-child relationship. *In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014). Section 232.116(3)(c) does not require expert testimony concerning the effect of termination. The court considered and rejected application of the factors in section 232.116(3)(a) and (c) based on the circumstances of this case and the best interests of the children. We agree and conclude under the circumstances in this case, none of these factors "should serve to preclude termination." *See* *P.L.*, 778 N.W.2d at 40.

**AFFIRMED.**

---

[2] This is not a factor to consider in section 232.116(3).