■ NWE CORP. et al., Respondents, v ATOMIC RISK MANAGEMENT OF NEW YORK, INC., Also Known as A.R.M. OF NEW YORK INSURANCE et al., Appellants. [808 NYS2d 45]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered on or about October 18, 2004, which, inter alia, granted plaintiffs leave to serve a further amended complaint to set forth with greater specificity the claim that defendants were negligent in failing to recommend suitable insurance coverage limits after impliedly agreeing to provide such services, unanimously affirmed, without costs or disbursements.

The proposed amended complaint alleges that plaintiffs requested defendant insurance brokers to "insure [them] adequately," that defendants "recommended coverage," and that plaintiffs relied on defendants' recommendations and advice. Included also is an allegation that "[plaintiff] NWE contracted with [defendant] Atomic that the latter would recommend and procure adequate insurance under the circumstances." Thus, since there is some support in the record for plaintiffs' claims that they did not merely request defendants to obtain a specific type of coverage, but relied on defendants' expertise and advice in determining an appropriate policy limit, and that defendants agreed to recommend adequate coverage, the amendment permitted by the court was not so plainly devoid of merit as to preclude its assertion (see Garnerville Holding Co. v Kaye Ins. Assoc., 309 AD2d 541 [2003], lv denied 2 NY3d 705 [2004]; see also Murphy v Kuhn, 90 NY2d 266, 272 [1997]; and see CPLR 3025 [b]; Peretich v City of New York, 263 AD2d 410 [1999]). Concur—Mazzarelli, J.P., Andrias, Saxe, Marlow and Sullivan, JJ.