STB Invs. Corp. v Sterling & Sterling, Inc. (2019 NY Slip Op 08606)





STB Invs. Corp. v Sterling & Sterling, Inc.


2019 NY Slip Op 08606


Decided on December 3, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 3, 2019

Acosta, P.J., Renwick, Mazzarelli, Kapnick, JJ.


10483 650390/14

[*1] STB Investments Corporation, et al., Plaintiffs-Appellants,
v
Sterling & Sterling, Inc., Defendant-Respondent.


Duane Morris LLP, New York (Fran M. Jacobs of counsel), for appellants.
Goldberg Segalla LLP, New York (Peter J. Biging of counsel), for respondent.



Order, Supreme Court, New York County (Joel M. Cohen, J.), entered April 11, 2019, which granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.
Issues of fact exist as to whether a special relationship arose between plaintiff STB Investments Corporation and its managing agent plaintiff 303 West 42nd Street Realty Co. (plaintiffs), on the one hand, and defendant insurance broker, on the other, that imposed on defendant a duty to advise plaintiffs as to insurance coverage that would have included the loss arising from plaintiffs' demolition project (see Voss v Netherlands Ins. Co., 22 NY3d 728, 735 [2014]). Plaintiffs contend that the special relationship arose from an interaction with defendant in which they relied on defendant's expertise as to coverage. There is evidence that plaintiffs' property manager, who allegedly had never before purchased insurance for a demolition project, requested that defendant obtain adequate coverage for that particular risk, and that defendant agreed to do so, reviewed the demolition contract as part of its efforts, and discussed with plaintiffs the demolition contractor's coverage in the larger context of determining the appropriate level of coverage to obtain for plaintiffs (see NWE Corp. v Atomic Risk Mgt. of N.Y., Inc., 25 AD3d 349 [1st Dept 2006]).
We note that defendant does not dispute plaintiffs' contention that the professional negligence claim is not duplicative of the breach of contract claim and therefore should not have been dismissed on that alternative ground.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 3, 2019
CLERK