# IN THE COURT OF APPEALS OF IOWA

———————————

No. 25-0503
Filed March 11, 2026

———————————

**Chuck Clemen,**
Plaintiff–Appellant,

v.

**DOLGENCORP, LLC d/b/a Dollar General and ARG DGCLKIA001, LLC,**
Defendants–Appellees.

———————————

Appeal from Iowa District Court for Butler County,
The Honorable Blake H. Norman, Judge.

———————————

**AFFIRMED**

———————————

Bruce J. Toenjes (argued) of Nelson & Toenjes, Shell Rock,
attorney for appellant.

John A. Maschman (argued), Scott Wormsley, and Ryan P. Tunink of
Lamson Dugan & Murray LLP, West Des Moines, attorneys for appellees.

———————————

Heard at oral argument
by Tabor, C.J., and Badding and Sandy, JJ.
Opinion by Badding, J., Dissent by Sandy, J.

1

**BADDING, Judge.**

Chuck Clemen tripped on a public sidewalk on his way into a Dollar General store. Clemen sued Dollar General and its landlord,[1] alleging they were negligent in failing to maintain the sidewalk as required by a city ordinance and in failing to warn about its deteriorated condition. While Clemen's lawsuit was pending, the Iowa Supreme Court decided *Splittgerber v. Bankers Trust Co.*, which held that cities could no longer impose "sidewalk maintenance duties and liability beyond what the legislature has expressly authorized in Iowa Code § 364.12(2)." 8 N.W.3d 135, 141 (2024) (overruling *Madden v. City of Iowa City*, 848 N.W.2d 40 (Iowa 2014)).

In the wake of *Splittgerber*, Dollar General moved for summary judgment, arguing that abutting property owners "cannot be held liable for injuries caused by defective sidewalks." Clemen resisted, contending that *Splittgerber* did not "absolve the abutting property owner of all duties and liability." The district court rejected Clemen's alternate theories of liability and granted summary judgment for Dollar General. On appeal, Clemen claims the court erred in failing to find that "Dollar General's common law duties to warn and to protect are independent of and in addition to the duty to repair, and survive *Splittgerber*."

We affirm. As our supreme court has recognized both before and after *Splittgerber*, there is no common-law duty for abutting property owners to maintain public sidewalks. So the ordinary duty of care is not at play here. And while Clemen points to the affirmative duty sometimes owed by an

---

[1] The named defendants in the lawsuit are Dolgencorp, LLC, which operates the Dollar General store, and its landlord, ARG DGCLKIA001, LLC. We refer to them collectively as Dollar General.

adjoining landowner, we agree with the district court that Dollar General did not create a risk related to the damaged sidewalk.

## I.    Background Facts and Proceedings

In June 2021, Clemen's sister dropped him off at the Dollar General store in Clarksville, Iowa.  On his way into the store, Clemen tripped on a cracked and uneven part of the sidewalk.  He fell into the store's automatic doors and jammed his hand.  The sidewalk in front of the store is owned by the City of Clarksville.

Iowa Code section 364.12 governs responsibility for the maintenance of public places.  The statute provides:

> 2. A city shall keep all public grounds, streets, sidewalks, . . . and commons open, in repair, and free from nuisance, with the following exceptions:
>
> . . . .
>
> b. The abutting property owner is responsible for the removal of the natural accumulations of snow and ice from the sidewalks within a reasonable amount of time and may be liable for damages caused by the failure of the abutting property owner to use reasonable care in the removal of the snow or ice. . . .
>
> c. The abutting property owner may be required by ordinance to maintain all property outside the lot and property lines and inside the curb lines upon the public streets. . . .
>
> d. A city may serve notice on the abutting property owner, by certified mail to the property owner as shown by the records of the county auditor, requiring the abutting property owner to repair, replace, or reconstruct sidewalks.
>
> e. If the abutting property owner does not perform an action required under this subsection within a reasonable time, a city may perform the required action and assess the costs against the abutting property for collection in the same manner as a property tax. This power

does not relieve the abutting property owner of liability imposed under paragraph "b".

Iowa Code § 364.12.

Although this section "does not create a stand-alone cause of action for damages with respect to the failure of an abutting landowner to maintain or repair sidewalks," the Iowa Supreme Court held in *Madden* that "nothing in the statute expressly or impliedly prohibits cities from doing so." 848 N.W.2d at 50. Thus, the court concluded "that when an ordinance or statute validly imposes a maintenance obligation and also imposes liability on the abutting landowner, the City is entitled to indemnification from the abutting landowner for any damages arising out of its failure to maintain the sidewalk." *Id.*

The City of Clarksville enacted such an ordinance. When Clemen was injured, the city code provided:

> The abutting property owner shall maintain in a safe and hazard-free condition any sidewalk outside the lot and property lines and inside the curb lines or, in the absence of a curb, any sidewalk between the property line and that portion of the public street used or improved for vehicular purposes. The abutting property owner may be liable for damages caused by failure to maintain the sidewalk.

City of Clarksville, Iowa, Code of Ordinances § 136.04 (2020).

Against this legal backdrop, Clemen filed a personal injury action against Dollar General in June 2023. He alleged that under the city's ordinance, Dollar General was liable for damages caused by its negligent failure to maintain the sidewalk. He also alleged that Dollar General was negligent for "[n]ot making [the] premises reasonably safe to the public" and for "[n]ot warning of a dangerous condition of the property that involved a foreseeable risk of injury to the public."

4

As the case was progressing toward trial, our supreme court issued its opinion in *Splittgerber*, which found that "*Madden* was wrongly decided" because it "failed to recognize a clear conflict between what the state statute permitted cities to do and what the city attempted to do through its ordinance." 8 N.W.3d at 140. The court reasoned that cities could not shift liability for sidewalk accidents to abutting landowners beyond the limited duties expressly authorized in Iowa Code section 346.12(2): to remove snow and ice from sidewalks and to repair sidewalks after receiving notice from a city. *See id.* at 140–41 (discussing the evolution of the common law sidewalk-accident rule and its modification in section 364.12(2)).

After the court's decision in *Splittgerber*, Dollar General moved for summary judgment, arguing the case foreclosed Clemen's negligence action. Although Clemen agreed that *Splittgerber* eliminated any statutory basis for liability, he sought to impose a common-law duty on Dollar General as a possessor of land. Citing Restatement (Third) of Torts: Liability for Physical and Emotional Harm § 54(a) (A.L.I. 2010) [hereinafter Restatement (Third)], Clemen argued that Dollar General had a duty to warn and protect "for conduct on the land that poses a risk of physical harm to persons not on the land."

The district court disagreed, finding that Dollar General "did not create the risk related to the damaged sidewalk." As a result, the court concluded Dollar General had no duty to warn or protect entrants on its property from the city's defective sidewalk and granted its summary judgment motion. Clemen appeals.

## II. Standard of Review

We review a district court's grant of summary judgment for the correction of errors at law. *Morris v. Legends Fieldhouse Bar & Grill, LLC*, 958 N.W.2d 817, 821 (Iowa 2021). In conducting this review, we must view the record in the light most favorable to the nonmoving party and consider every legitimate inference that may reasonably be drawn. *Id.* Summary judgment is appropriate when the record shows there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.*

## III. Analysis

"An actionable negligence claim requires the existence of a duty to conform to a standard of care to protect others." *Id.* (cleaned up). "While summary adjudication is rarely appropriate in negligence cases, the determination of whether a duty is owed under particular circumstances is a matter of law for the court's determination." *Id.* (citation omitted).

"In Iowa, our general duty of care stems from the Restatement (Third) of Torts: 'An actor ordinarily has a duty to exercise reasonable care when the actor's conduct creates a risk of physical harm.'" *Beverage v. Alcoa, Inc.*, No. 23-0458, 2024 WL 2043084, at *3 (Iowa Ct. App. May 8, 2024) (quoting Restatement (Third) § 7(a)); *see also Thompson v. Kaczinski*, 774 N.W.2d 829, 835 (Iowa 2009). As Clemen argues, this general duty applies in most cases involving physical harm. *See* Restatement (Third) § 6 cmt. f (noting that "courts ordinarily need not concern themselves with the existence or content of this ordinary duty"); *id.* § 7 cmt. a (same). But as the Restatement (Third) and our jurisprudence recognize, "there are exceptions to the duty of reasonable care." *Gries v. Ames Ecumenical Hous., Inc.*, 944 N.W.2d 626, 630

(Iowa 2020); *see also* Restatement (Third) § 6 cmt. f ("[T]he duty of reasonable care can be displaced or modified in certain types of cases . . . .").

Consistent with the Restatement (Third), our supreme court has said that "a lack of duty may be found if either the relationship between the parties or public considerations warrants such a conclusion." *Gries*, 944 N.W.2d at 630 (citation omitted). With respect to the latter category, the general duty of reasonable care will yield only in "exceptional cases" where "an articulated countervailing principle or policy warrants denying or limiting liability in a particular class of cases." *Id.* (cleaned up); *see also* Restatement (Third) § 7(b). The principle or policy for modifying or eliminating the ordinary duty of care "may be reflected in longstanding precedent." Restatement (Third) § 7 cmt. a; *see also Gries*, 944 N.W.2d at 630.

The longstanding precedent applicable here is what our supreme court in *Madden* called the "Sidewalk Accident Decisions Doctrine." 848 N.W.2d at 44. That doctrine reflects the general rule at common law "that an abutting property owner was not liable for an injury that resulted from a defective sidewalk." *Id.* This general rule ties liability to ownership of public sidewalks. *See Splittgerber*, 8 N.W.3d at 136. As the court in *Splittgerber* explained:

> Sidewalks are a portion of the city street reserved for pedestrian traffic for which the city bears a responsibility of care, supervision, and control. In light of their ownership and maintenance duties, cities also bear liability for personal injuries resulting from improperly maintained sidewalks. This principle of municipal liability makes sense given that the city owns the sidewalk.

*Id.* (cleaned up); *see also Morris*, 958 N.W.2d at 826 ("Liability generally follows control.").

7

There are "two generally recognized exceptions to the common law rule." *Madden*, 848 N.W.2d at 44. The first is "where the owners of property abutting the public sidewalk contributed to or caused the dangerous condition that was the proximate cause of the injury." *Id.*; *see also Lattimer v. Frese*, 246 N.W.2d 255, 258 (Iowa 1976) (noting that an "abutting owner may be liable if his own affirmative negligence created the dangerous condition"). The second is where "the sidewalk in question was constructed in a special manner for the benefit of the abutting landowner." *Madden*, 848 N.W.2d at 44.

We are concerned with the first exception, which is consistent with section 54 of the Restatement (Third) addressing the duty of land possessors to those off the land. That provision states a "possessor of land has a duty of reasonable care for artificial conditions or conduct on the land that poses a risk of physical harm to persons or property not on the land." Restatement (Third) § 54(a). Section 54 also states, subject to an exception not applicable here, that "a possessor of land adjacent to a public walkway has no duty under this Chapter with regard to a risk posed by the condition of the walkway to pedestrians or others if the land possessor did not create the risk." Restatement (Third) § 54(c). "The relationship between Subsection (c) and Subsection (a) reveals that when a land possessor's activities or conditions on the land *do* pose a risk to those on public walkways (or highways), the possessor owes a duty of reasonable care for those risks." Restatement (Third) § 54 cmt. d.

Under these provisions, Clemen argues that Dollar General "created the risk by knowingly placing its merchandise displays at the sides of its front door thus preventing customers from walking over good sidewalk and instead forcing them to walk over the defective sidewalk when entering and exiting

the store." Photographs from the summary judgment record show the merchandise displays,[2] the store's automatic front doors, and the defective sidewalk that caused Clemen's fall. Here is one of them:



___

[2] Dollar General "affirmatively disputes that the displays acted as a funnel in any way," noting the photographs show "there is space on either side of the defective sidewalk to traverse." We also note the photographs only show the displays on one side of the door, and Clemen testified at his deposition that although he thought "there was some stuff" on the other side, he was "not positive." While we tend to agree with Dollar General's view of the photographs, we must examine the record in the light most favorable to Clemen. *See Morris*, 958 N.W.2d at 821. In doing so, we accept his assertion that there were outdoor displays on either side of the door. *Cf. Brosnan v. Woodman*, 18-1206, 2019 WL 3721348, at *4 (Iowa Ct. App. Aug. 7, 2019) (finding the district court "properly declined to engage in a 'visible fiction' . . . when the video evidence so clearly contradicted" the plaintiff's arguments on summary judgment).

The district court rejected this argument, finding that Dollar General's placement of the merchandise displays on its own property "did not create the risk related to the damaged sidewalk." We agree.

The duty in section 54 "is conditioned on the actor's having engaged in conduct that creates a risk of physical harm." Restatement (Third) § 7 cmt. *l*; *see also id.* § 54 cmt. d (discussing the created-risk requirement of section 54(c) and noting there is generally "no duty to rescue or protect another from risks that the actor had no role in creating"). Determining whether an actor's conduct created a risk of harm sometimes requires exploring "whether the same risk of harm would have existed even if the actor had not engaged in the conduct." *Id.* § 37 cmt. c.

Here, the risk of harm posed by the defective sidewalk would have existed even if Dollar General had not placed the merchandise displays outside its front doors. Its conduct is not like the examples of artificial conditions on land that may pose risks to those off the land provided by comment b to section 54. Those include the collapse of an abutting property owner's older building or a deteriorated awning on a retail shop overhanging a public walkway. Restatement (Third) § 54 cmt. b. Our supreme court has imposed liability in similar situations. *See Smith v. J.C. Penney Co.*, 149 N.W.2d 794, 798 (Iowa 1967) (finding liability where an abutting property owner maintained "his premises in such a manner that ice form[ed] on the adjacent walk" from water running off his roof); *Thompson*, 774 N.W.2d at 835–36 (concluding that owners of land next to a gravel road whose trampoline blew into the road owed a "duty to exercise reasonable care to avoid the placement of obstructions on a roadway").

With these examples in mind, we conclude the store's placement of the outdoor displays on its own property did not create the risk posed by the

city's damaged sidewalk. As a result, Dollar General also had no duty to warn Clemen about the sidewalk's condition. *See* Restatement (Third) § 18(a) (stating a defendant "can fail to exercise reasonable care by failing to warn" of a danger if the defendant's "conduct creates a risk" of physical harm); *see also Patitucci v. City of Hill City*, 836 N.W.2d 623, 630–31 (S.D. 2013) (finding that because an abutting business "did not have the general duty to keep the sidewalk reasonably safe in this case, it did not have the lesser included duty to warn"); *Wyso v. Full Moon Tide, LLC*, 78 A.3d 747, 752 (R.I. 2013) (same).

Clemen argues this is the wrong approach, asserting the district court's "analysis was too focused on the defective sidewalk, improperly equating it with 'risk.'" But section 54(c) expressly states the risk at issue *is* the "risk posed by the condition of the walkway to pedestrians or others." Restatement (Third) § 54(c). Citing Restatement (Third) section 40,[3] Cleman also argues the court "fail[ed] to consider the special relationship Dollar General had with its customers such as Clemen." He asserts that section 54(c) "does not apply to the § 40 special relationship present in this case" for customers who are "invited into a business" and encounter a known and avoidable danger. The problem is that this special-relationship theory was neither presented to nor ruled upon by the district court. So it was not preserved for our review. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

---

[3] This provision states that an actor in a special relationship with another, which includes "a business or other possessor of land that holds its premises open to the public," "owes the other a duty of reasonable care with regard to risks that arise within the scope of the relationship." Restatement (Third) § 40(a), (b)(3).

For these reasons, we affirm the district court's grant of summary judgment to Dollar General and its dismissal of Clemen's negligence claims.

**AFFIRMED.**

Tabor, C.J., concurs; Sandy, J., dissents.

**SANDY, Judge** (dissenting).

The majority correctly concludes that *Splittgerber v. Bankers Trust Co.* forecloses liability based on a municipal ordinance shifting sidewalk-repair duties to abutting landowners. 8 N.W.3d 135, 141 (2024) (overruling *Madden v. City of Iowa City*, 848 N.W.2d 40 (Iowa 2014)). But it incorrectly concludes that this ends the inquiry. The question here is not whether Dollar General had a statutory duty to repair the sidewalk that injured Chuck Clemen. It is whether, under longstanding principles of common-law negligence, a business owner may owe a duty to its invitees when it affirmatively configures its premises in a manner that channels them toward a known hazard immediately outside its entrance.

*Splittgerber* reaffirmed the traditional rule that cities—not abutting landowners—bear responsibility for maintaining public sidewalks. *Id.* at 141. But it did not hold that businesses are categorically immune from liability for risks encountered at their point of entry. Nor did it displace the Restatement (Third)-based principle, adopted in Iowa, that an actor "ordinarily has a duty to exercise reasonable care when the actor's conduct creates a risk of physical harm." *Beverage v. Alcoa, Inc.*, No. 23-0458, 2024 WL 2043084, at *3 (Iowa Ct. App. May 8, 2024) (quoting Restatement (Third) of Torts: Liab. for Physical & Emotional Harm § 7(a) (A.L.I. 2010) [hereinafter Restatement (Third)]); *see also Thompson v. Kaczinski*, 774 N.W.2d 829, 835 (Iowa 2009).

The majority treats the defective sidewalk itself as the sole "risk." But the relevant inquiry is whether the defendant's conduct increased the risk that customers would encounter the hazard.

Viewing the summary judgment record in the light most favorable to Clemen, Dollar General placed merchandise displays on both sides of its

entrance. A reasonable fact finder could conclude those displays narrowed the path of ingress and egress and directed customers toward the cracked portion of the sidewalk. True, the defective sidewalk may have preexisted. But a fact finder could conclude that the risk that an invitee would necessarily traverse over that specific hazard to enter the store did not exist independent of the store's configuration.

This case is therefore not one in which a landowner passively abuts a public sidewalk. It is one in which a business actively invites the public onto its premises and arranges its entrance in a way that foreseeably funnels customers across a known defect immediately outside its doorway. *See Lattimer v. Frese*, 246 N.W.2d 255, 258 (Iowa 1976) (explaining that an "abutting owner may be liable if his own affirmative negligence created the dangerous condition").

The Restatement (Third) recognizes that a "possessor of land has a duty of reasonable care for artificial conditions or conduct on the land that poses a risk of physical harm to persons or property not on the land." Restatement (Third) § 54(a). Thus, the key inquiry is whether "the same risk of harm would have existed even if the actor had not engaged in the conduct." Restatement (Third) § 37 cmt. c. The majority answers this key inquiry in the affirmative, stating that "the risk of harm posed by the defective sidewalk would have existed even if Dollar General had not placed the merchandise displays outside its front doors." I disagree. If the entrance displays directed customers toward the uneven slab, a jury could find the answer to that key inquiry as "no." That possibility is enough to survive summary judgment. And, whether "the risk of harm posed by the defective sidewalk would have existed even if Dollar General had not placed the merchandise displays outside its front doors" is not technically the correct question. The correct

question is more properly whether the *same* risk of the *same* harm posed by the defective sidewalk would have existed in the *same way* even if Dollar General had not placed the merchandise displays outside its front doors. *See Berte v. Bode*, 692 N.W.2d 368, 372 (Iowa 2005).

This case is not about imposing sidewalk-maintenance duties contrary to statute. The outcome turns on whether a business that actively arranges its entrance in a way that foreseeably directs invitees toward a known hazard may owe a duty of reasonable care. And because businesses do have such a duty, the question of whether Dollar General's placement of merchandise displays breached that duty by increasing the risk to customers is a fact question for a jury. Because genuine issues of material fact remain on the question of breach under common-law negligence principles, I would reverse the grant of summary judgment and remand for further proceedings. Cities may be responsible for sidewalks. But businesses remain responsible for how they send customers across them. I respectfully dissent.